HAMBEL & HEASTY ET AL. v. JEFFERSON DAVIS ET AL.

Application No. 991.—Decided February 20, 1896.

1. **Citation by Publication in Justice Courts.**

The law of 1870, which authorized service by publication in suits before justices of the peace, was not repealed by the repeal of the law which empowered the Governor to select and designate the official paper for that district. (P. 258.)

2. **Transient Person—Non-Resident.**

A non-resident, temporarily in Texas, may be sued in this State as a transient person, and jurisdiction over him as such may be had by publication of citation from a justice's court. (P. 258.)

3. **Citation and Publication Thereof.**

Citation issued by a justice of the peace against Kelley as a transient person, directed to the sheriff, etc., of Caldwell County, to be published in "the News Echo, a newspaper published in Caldwell County," requiring defendant to appear at the office of the justice, in the town of Lockhart, otherwise in due form, is not void. (P. 258.)

4. **Initial Letters.**

A citation issued to the proper officers of Caldwell County, Texas, and signed "E. H. Rogan, J. P. C. Co.," is sufficient to show that Rogan was a justice of the peace of that county. (P. 258.)

5. **Service of Citation.**

Service of citation effected too late for the next term is good for the term thereafter. (P. 258.)

APPLICATION for writ of error to Court of Civil Appeals for Third District, in an appeal from Caldwell County.

The material parts of the application are here given:

"The main question in the case in the trial court and in the Court of Civil Appeals grew out of an alleged insufficiency of the service of citation (it being by publication) in an original suit wherein execution issued and the land involved in this litigaton was sold, under which judgment, execution and sale the appellees (defendants in error) claim the land; the petitioners being the heirs of one Kelley to whom the land belonged when it was sold.

"The specific errors are these: (a) In holding, on the conceded facts, that the publication of citation was continued the statutory time and constituted legal service of citation, and (b) in holding that the state of the law, at the date of the attempted service of citation by publication, authorized or warranted service of citation by publication in magistrate's courts in Texas. Both were material questions and their correct decision was necessary to the proper disposition of the case."  *  *  *

"The facts are as follows, in brief statement:

"1. Kelley was known as a British subject and resident in Kansas, but was in Caldwell County, Texas, in the fall of 1873.

"2. His wife died in Florida in 1885, and was by Kelley carried to and buried in Kansas City, where he died and was buried in 1886.

"3. Levyson sued Kelley in 1874, before Rogan, a Justice of the Peace in Caldwell County, swearing Kelley was a transient person. Service by publication or attempted publication.

"4. Citation received by the constable on 8th June, published first on 19th, and second on 26th of June, and third time 3d July—return day being July 4. Case continued to August term. Judgment August 6, 1874. Execution and sale followed."

It is urged that the judgment is void for the following reasons: (1) "Because in the year 1874 there was no law operative in Texas authorizing the service of citations from Justices' Courts by publication. (2) Because Kelley, the defendant in said suit, was a non-resident of the State, and said court did not acquire jurisdiction of his person by the publication of said citation. (3) Because there was no personal service of citation in said cause upon Kelley within this State. (4) Because citation issued in said cause did not describe the house, or name the State or county where Kelley was required to appear. (5) Because said citation without authority of law named a newspaper in which said publication should be made, but did not show that said newspaper was published in the State of Texas. (6) Because the publication of said citation as made did not inform Kelley in what State or county or at what house he was required to appear. (7) Because it does not appear * * * in what State or county said publication was made. (8) Because there was nothing in the entire record of said cause to indicate in what State said proceeding was had except the fact that the style of the writ of citation was 'The State of Texas,' but this fact did not appear in the citation as published. (9) Because there never was any publication of the citation, the style of the writ having been omitted in the publication. (10) Because it appears from the evidence before the court that said judgment so rendered against Kelley was a personal default judgment upon such defective service, and that said court never in any way acquired jurisdiction of the land in controversy." * * *

The trial court rendered judgment for the defendants, which judgment on appeal was affirmed by the Court of Civil Appeals.

*M. R. Stringfellow* and *Walton & Hill,* for application.

BROWN, ASSOCIATE JUSTICE.—This application must be refused, because the judgment under which the defendants in error claim title to the land was valid, and by the sale of the land thereunder the title passed from James Kelly to the purchasers at that sale, under whom the defendants in error claim.

It is claimed by the plaintiffs in error that the judgment of the justice of the peace is void, because: (1) The citation for publication, issued in the cause of Levyson v. James Kelly, and in which cause the judgment was rendered under which the land was sold, was issued without authority of law; that is, at that time the law authorizing service of citation by publication in the justice court had been repealed. (2) Because the defendant, at the time the suit was filed and when the judgment was rendered, was a non-resident of the State of Texas; and (3) because the citation did not name the place at which the defendant was notified to appear.

The law of 1870, which authorized service by publication in suits before justices of the peace, was not repealed by the repeal of the law which empowered the governor to select and designate the official paper for that district.

This is a collateral attack upon the judgment of the justice of the peace under which the land was sold, and the burden was upon the plaintiff below to show that the justice court had no jurisdiction of the defendant in the case of Levyson v. James Kelly. The fact that Kelly claimed to be a resident of Kansas while he was in Caldwell County, does not prove that he was not a transient person within the limits of the State of Texas and within the meaning and intent of our statute, subject to be so cited. If his place of permanent residence was in another State, but he was at the time within this State, and a transient person, he might be cited by publication. (Traylor v. Lide, 7 S. W. Rep., 58.) From the facts agreed upon, it appears that Kelly was engaged in business in this State and remained at one place—in Caldwell County—for several months. It does not appear that he left the State before the suit was filed and service perfected. In fact, he is not shown to have been outside of the State for eleven years thereafter. Under this state of facts, the court might have had jurisdiction over him as a transient person within the limits of the State, although his permanent residence might have been in Kansas, and every presumption will be indulged in favor of the validity of the judgment of the court.

Plaintiffs in error contend that the citation for publication in the case of Levyson against Kelly was void because it did not designate the place at which the defendant was cited to appear. The citation was directed to the sheriff or any constable of Caldwell County. It directed that the citation be published in the News Echo, a paper published in Caldwell County, and that the defendant be cited "to appear at my office in the town of Lockhart," and was signed "E. H. Rogan, J. P. C. Co." The court knows judicially that Lockhart was the county-seat of Caldwell County. (Carson v. Dalton, 59 Texas, 500.) The letters, "J. P. C. Co.," taken in connection with the address of the writ to the officers of Caldwell County, is sufficient to show that Rogan was a justice of the peace of that county. (McDonald v. Morgan, 27 Texas, 506.) It appeared from the citation that the defendant was thereby notified to appear in Lockhart, the county-seat of Caldwell County, at the office of E. H. Rogan, justice of the peace. Although Caldwell County was not written after Lockhart, yet it must be known to all persons when the county-seat is named that it is located in the particular county of which it is the seat of justice. This citation was sufficient upon which to enter the judgment.

The service of the writ was not sufficient upon which to enter judgment at the July term of the justice court, 1874, but was sufficient upon which to enter such judgment at the next succeeding term. (Hill v. Baylor, 23 Texas, 263; Wilson v. Green, 1 White & W. C. C., sec. 98.)

It is not necessary for us to determine in this case whether the presumption would be indulged (in the absence of proof and in the absence

of a recital of service in the judgment rendered) that another citation had been issued and served either by publication or by personal service; that question is not passed upon by this court. It is sufficient that the judgment is valid upon the service shown by the record. The application for writ of error is therefore refused.

*Refused.*