## TURNER v. EPHRAIM.

### No. 2418.

Court of Civil Appeals of Texas. El Paso.
May 1, 1930.

Will Glover, of Uvalde, for appellant.

De Montel & Fly, of Hondo, for appellee.

WALTHALL, J.

Appellee, a resident of Medina county, brought this suit in said county against appellant upon a promissory note executed by the latter, payable "at the place of residence of the owner or legal holder of this note, at his or their option."

A default judgment was rendered against appellant, who filed a motion for new trial setting up a meritorious defense, defect in the citation served upon him, and also setting up that the citation was not served upon him by a constable as the return showed, but by the tax assessor and tax collector of the town of Sabinal. .The motion was granted, and upon the same day appellant filed plea of privilege claiming the right to be sued in Uvalde county where he resides. Controverting affidavit was filed and the plea overruled, and from that order this appeal is prosecuted.

■■■■ The service upon which the default · judgment was rendered was a nullity because served by one who had no authority so to do. By such service the court acquired no jurisdiction of the person of the defendant and the default judgment was void. Witt v. Kaufman & Kleaver, 25 Tex. Supp. 384.

■■ The filing of the motion to set aside this judgment was not a waiver by the defendant of his privilege to be sued in the county of his residence. St. Louis, A. & T. Ry. Co. v. Whitley, 77 Tex. 126, 13 S. W. 853; Atchison, T. & S. F. Ry. Co. v. Adams (Tex. App.) 14 S. W. 1015; Horton v. Lone Star Gas Co. (Tex. Civ. App.) 19 S.W.(2d) 617, 618; Wolf v. Sahm, 55 Tex. Civ. App. 564, 120 S. W. 1114, 121 S. W. 561.

■■ The controlling question in this case is whether the venue was properly laid in Medina county under subdivision 5, art. 1995, R. S., and the terms of the note making it payable at the place of residence of the owner or holder thereof at his or their option.

This question, we think, is ruled by the opinion rendered in General Motors Acceptance Corporation v. Christian (Tex. Civ. App.) 11 S.W.(2d) 620. In that case the suit was based upon a written obligation of Christian which was payable at such place as the holder might designate. The holder in writing designated Tarrant county as the place of payment and filed suit in said county. Christian pleaded his privilege to be sued in the county of his residence. The plea was sustained. In sustaining the ruling Chief Justice Pelphrey of this court, said:

"Subdivision 5, article 1995, provides: 'If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile.'

"The above is an exception to the general statute on venue, which reads: 'No person who is an inhabitant of this State shall be sued out of the County in which he has his domicile except in the following cases.'

"Our courts have repeatedly held that the right to be sued in the county of one's domicile is a valuable right, and have further held that one who seeks to sue a person in a county other than that of his residence must bring himself clearly within some exception provided in the statute. Lindheim v. Muschamp, 72 Tex. 33, 12 S. W. 125; Chamberlain v. Fox (Tex. Civ. App.) 54 S. W. 297; Valdespino v. Dorrance & Co. (Tex. Civ. App.) 207 S. W. 649; Lee v. Gilchrist Cotton Oil Co. (Tex. Civ. App.) 215 S. W. 977.

"This being the policy of our law, do the facts before us present a case where appellee contracted in writing to perform an obligation in a particular county? We think not.

"We are confident that the Legislature intended to make the exception provided for in subdivision 5 apply only in cases where the party, at the time he executed the contract, agreed to perform his part thereof in some particular county other than that of his residence. And we are of the opinion that the provision in this contract allowing the other party or his assignees to designate the place of payment does not fall within the letter and certainly not within the spirit of the exception.

"It appears to us that the contract sued upon, and especially that part relative to where the note shall be paid, is clearly an attempt to fix venue by contract, which cannot be legally done, as held by our Supreme Court in International Travelers' Association v. Branum, 109 Tex. 543, 212 S. W. 630."

See also Smith v. Hartt & Cole (Tex. Civ. App.) 13 S.W.(2d) 408, and La Salle, etc., v. Arlitt (Tex. Civ. App.) 297 S. W. 344.

■■ To what was said in the Christian case we may add that in our opinion the words "a particular County," as used in subdivision 5 of article 1995, R. S., contemplate and mean a county fixed and certain at the time the contract is executed and not a county subject to change by subsequent events within the control of the obligee. A contract of the latter nature is wholly uncertain as to the county in which it is to be performed, and certainly not within the spirit of subdivision 5.

Reversed, and judgment here rendered sustaining the plea of privilege and ordering the venue changed to Uvalde county.

Reversed and rendered.