**PAVLIDIS et al. v. BISHOP & BABCOCK SALES CO.**

No. 10933.

Court of Civil Appeals of Texas. Dallas.

July 18, 1931.

Roy W. McDonald and Dallas C. Biggers, both of Dallas, for appellants.

Saner, Saner & Jack, of Dallas, for appellee.

LOONEY, J.

The Bishop & Babcock Sales Company sued Paul Pavlidis and Sam Katsidonis, partners conducting the Lyric Café at Houston, Tex., on a series of 20 notes aggregating $475.90, and to foreclose the lien of a chattel mortgage on a soda fountain, given by defendants to secure payment of the notes. Defendants in due form pleaded their privilege to be sued in Harris, the county of their residence. Plaintiff controverted the plea, contending that the notes executed by defendants were payable in Dallas county, and that venue was properly laid under subdivision 5 of article 1995, R. S. 1925. On trial of the contest, plaintiff was permitted, over an appropriate objection urged by defendants, to introduce in evidence, without proof of execution, the notes and chattel mortgage sued upon. Defendants' plea of privilege was overruled; they appealed, and by appropriate assignments and propositions present for our consideration the questions discussed below.

█ The contention of defendants is that their plea of privilege operated as a sworn denial of the alleged execution by them, or by their authority, of the notes and mortgage, and put plaintiff upon proof by extrinsic evidence, of their execution; hence the court erred in admitting same over their objection.

At the time this case was submitted, April 18, 1931, there was pending in the Supreme Court, unanswered, this precise question, that arose in Berry v. Pierce Petroleum Corporation, 39 S.W.(2d) 824, 825, and was certified by us for adjudication, because of conflicting

decisions of our appellate courts. The Supreme Court, answering the question, held that the sworn plea of privilege, as regards the determination of the plea, "has effect to put the plaintiff to proof, by extrinsic evidence, of the fact of execution by the defendant, or by his authority, of the said contract as alleged," meaning the written contract relied upon to fix venue.

The Supreme Court, in ironing out the conflict, inferentially adopted the view theretofore expressed by the Fort Worth court, in Ray v. W. W. Kimball Co. (Tex. Civ. App.) 207 S. W. 351, by the San Antonio court, in Bledsoe v. Barber (Tex. Civ. App.) 220 S. W. 369, by the Eastland court, in Ketner v. J. M. Radford Grocery Co. (Tex. Civ. App.) 299 S. W. 680, 681, and by implication overruled contrary holdings of the Fort Worth court in Borschow v. Waples-Platter Grocery Co. (Tex. Civ. App.) 223 S. W. 872, and of the Commission of Appeals, in Greenville Gas & Fuel Co. v. Commercial Finance Co., 117 Tex. 124, 298 S. W. 550, and thus definitely settled the doctrine that a sworn plea of privilege, without further pleading, operates as a sworn denial of the execution by the party urging the plea, or by his authority, of a written instrument relied upon by contestant to bring the case under the exception, and casts upon him the burden of proving, by extrinsic evidence, the execution of the alleged instrument.

 Appellants contend, however, that the writing relied upon by plaintiff to fix venue in Dallas county is against public policy, and void; that it is an attempt, by contract, to fix venue determinable by subsequent events under the control of appellee, and therefore is not a contract to perform an obligation in a particular county within the meaning of subdivision 5 of article 1995.

The obligation, in each of the notes relied upon to fix venue in Dallas county, after naming the date of maturity, proceeds: "For value received the undersigned promise to pay to the order of The Bishop & Babcock Sales Company, either at its branch office at 1107 Jackson Street, Dallas, Texas, or at its principal office, 4901–4915 Hamilton Avenue, in the City of Cleveland, Ohio," etc.

In support of their contention, appellants cite General Motors Acceptance Corporation v. Christian (Tev. Civ. App.) 11 S.W.(2d) 620, Turner v. Ephraim (Tex. Civ. App.) 28 S.W. (2d) 608, La Salle County Water Imp. Dist. No. 1 v. Arlitt (Tex. Civ. App.) 279 S. W. 344, and International Travelers' Ass'n v. Branum, 109 Tex. 543, 548, 212 S. W. 630, 632, but after careful examination we failed to find that either of these cases is in point. In the two first mentioned, the provisions relied upon to fix venue designated no particular county or counties for performance, but left the matter entirely open to be determined later by the obligee. The court held in each case that the obligation was insufficient to fix venue because no particular county was designated as the place of performance, and further that the same attempted to fix venue by contract. We cannot agree to the latter suggestion; that is, that venue cannot be fixed by contract. The right to be sued in the county of one's residence is a privilege that may be waived by agreement, and, unless the agreement fixing venue contravenes a statute, it is, in our opinion, valid and enforceable; in fact, venue fixed under subdivision 5 of article 1995, rests altogether upon contract. See Fort Worth Board of Trade v. Cooke, 6 Tex. Civ. App. 324, 25 S. W. 330; Texas Moline Plow Co. v. Biggerstaff (Tex. Civ. App.) 185 S. W. 341; Merchants', etc., v. First Nat. Bank (Tex. Civ. App.) 192 S. W. 1098, 1103; Allis-Chalmers Mfg. Co. v. Mitchell (Tex. Civ. App.) 283 S. W. 560. The case of La Salle County Water Imp. Dist. No. 1 v. Arlitt, supra, was not brought for a breach, but was based upon the fact that the contract had been repudiated prior to the time performance was due; hence its provisions as to venue were not brought under review. In International Travelers' Ass'n v. Branum, supra, there was involved the validity of a provision in an insurance contract attempting to fix venue in contravention of a statute. The Supreme Court held the provision against public policy. The court said: "We are convinced that it is utterly against public policy to permit bargaining in this state about depriving courts of jurisdiction, expressly conferred by statute, over particular causes of action and defenses."

Venue, under subdivision 5 of article 1995, results from an agreement to perform obligations in a particular county. Gottlieb v. Dismukes (Tex. Civ. App.) 230 S. W. 792. Exceptions that permit suits to be brought in a county other than that of the residence of defendant are for the benefit of plaintiff, and confer upon him the right to choose between the different counties. Carro v. Carro, 60 Tex. 395; Taliaferro v. Warren (Tex. Civ. App.) 30 S.W.(2d) 393, 394. Contracts requiring performance, primarily in a particular county, but containing an alternative provision, requiring performance in another county dependent upon a future event, have been held sufficient to fix venue under the exception. See Morgan v. E. Bement & Sons, 24 Tex. Civ. App. 564, 59 S. W. 907, 910; Newman v. Buffalo Pitts Co. (Tex. Civ. App.) 160 S. W. 657; McCray, etc., Co. v. Simms (Tex. Civ. App.) 268 S. W. 275. The defendants, for a valuable consideration, obligated themselves to pay the notes, at the option of payee, in Dallas county: this option having been exercised by plaintiff, and defendants having defaulted, plaintiff was, in our opinion, authorized by the terms of the contract to declare all notes of the series due and payable, and to institute suit thereon in a court of proper jurisdiction

in Dallas county. We adopt as pertinent language made by the court in Merchants', etc., v. First National Bank (Tex. Civ. App.) 192 S. W. 1098, 1103; the court said: "* * * While parties cannot by agreement or waiver confer jurisdiction on courts as to the subject-matter, it is generally recognized that a defendant may waive his privilege to be sued in a particular county. It seems to us, where the venue stated gives to plaintiff the right to bring his suit in two or more places, he has the right of election as to which place he will institute the proceedings. * * *"

The judgment is reversed because the court erred in admitting in evidence, without proof of execution, the notes and mortgage sued upon, but, in view of the unsettled status of the procedure arising from conflicting decisions of our appellate courts, we do not render judgment, but remand the case for further proceedings.

Reversed and remanded.