## McMANUS v. TEXAS DEVELOPMENT BUREAU.
### No. 11477.

Court of Civil Appeals of Texas. Dallas.
June 23, 1934.

Coker, Rhea & Vickrey, of Dallas, for appellant.

H. James G. Crannell and Wm. Madden Hill, both of Dallas, for appellee.

BOND, Justice.

This is an appeal from an order of the county court of Dallas county at law No. 2, overruling appellant's plea of privilege to be sued in Bexar county, Tex., the county of her residence.

E. H. Grobe and E. A. Davis, copartners, doing business as Texas Development Bureau, sued appellant, Mrs. W. F. (Eleanor H.) McManus, upon two promissory notes, each made payable to the Texas Development Bureau, or order, and providing that "for value received, payable at their (the) office of the Texas Development Bureau, or bank, at Dallas, Texas, or at the place of residence of the owner, legal holder or assignee of note, at his option."

The controlling question in this case is whether the declaration as stated furnishes means by which the place of payment is certain, designating "a particular county," as used in subdivision 5 of article 1995, R. S. If the declaration fixes no particular county or counties for performance, but leaves the matter entirely open to be determined by the payee, or its assignees, on the happening of a subsequent event, the obligations are insuf-

ficient to fix venue, under the exception of the general venue statute.

The notes involved in the instant case are negotiable instruments, subject to the right of the payee, owner, holder, or assignee to sell and transfer them in due course of trade; thus the transferee is subrogated to the rights of the payee. The stipulation that "the owner, legal holder or assignee" may, at his option, designate Dallas county, or "the place of his residence," is as much uncertain as to the place of performance as the owner, holder, or assignee of the notes may be at the time of performance. Therefore, if the owner, holder, or assignee is, by the terms of the contract, unknown and uncertain, then certainly, likewise is the place of his residence. The stipulation places within the power of the payee and its assignees to designate, by subsequent legal transfer, any county of the 250 or more counties of Texas, where the owner, holder, or assignee may reside, within which the venue may be fixed. The notes furnish no means by which, at the time the obligations were made, the owner, holder, or assignee could be determined, thus the particular county or counties designated as "his place of residence" leave the question of venue fixed in Dallas county, or at the place of residence of an unknown assignee or holder, which cannot be determined to fix venue by extraneous evidence, or by subsequent disclosures.

The declaration, it is true, designates primarily Dallas county as a place of performance, and, if the obligation stopped there, no question could be raised as to the particular county intended by the parties for the venue of the suit; but the alternative declaration that the place of performance may be "at the place of residence" of a contingent unknown owner, holder, or assignee, in our opinion, makes uncertain the place of performance, either in Dallas county, or in any place where the payee's assignee may happen to reside.

In General Motors Acceptance Corporation v. Hunsaker (Tex. Civ. App.) 50 S.W.(2d) 367, 368, the contract under consideration provided that the amounts due were payable at office of third party to be thereafter designated by it. The Amarillo Court of Civil Appeals held, in that case, that: "The General Motors Acceptance Corporation was not a party to the contracts of sale out of which the notes involved herein originated, and we therefore have a stipulation which attempts to give not the obligee but a third party to the transaction the right to fix the venue. As we understand subdivision 5, the 'particular county' must be designated in writing at the time

of the execution of the contract." So, also, is the holding of the El Paso Court in Turner v. Ephraim (Tex. Civ. App.) 28 S.W.(2d) 608, 609. In the latter case, the note provided payment "at the place of residence of the owner or holder thereof at his or their option." The court in that case reasserted the holding of the same court in the case of General Motors Acceptance Corporation v. Christian (Tex. Civ. App.) 11 S.W.(2d) 620, quoting: "We are confident that the Legislature intended to make the exception provided for in subdivision 5 apply only in cases where the party, at the time he executed the contract, agreed to perform his part thereof in some particular county other than that of his residence. And we are of the opinion that the provision in this contract allowing the other party or his assignees to designate the place of payment does not fall within the letter and certainly not within the spirit of the exception."

In construing the obligations of contracting parties to be sued in a particular county or counties, courts are governed by the entire covenant on the subject, and if, on the whole, the terms of their contract make the place uncertain, or to become certain only on the happening of a subsequent event not disclosed at the time the contract was executed, the provision designating the place of payment does not fall within the exception to the general statute on venue (article 1995), which reads: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases: * * * 5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

Contracts primarily performable in a particular county and containing an alternative provision authorizing performance in another named county, dependent upon a future event, is sufficient to fix venue under the exception; but, where the alternative provision, as here, requiring performance in an unknown and uncertain place, the certainty thereof depending upon unknown future events, not within the contemplation of the parties at the time the contract was made, it is insufficient to present a waiver of one's right to be sued in the county of his residence. We are of the opinion that the provisions involved here, allowing the payee or its assignees, strangers to the contract, to designate the place of payment either in Dallas County or the assignee's residence, do not fall

within the exception provided in the statute. Therefore, the judgment of the lower court is reversed and judgment here rendered, sustaining the plea of privilege, and ordering the venue changed to Bexar county.

Reversed and rendered.