### W. T. RAWLEIGH CO. v. KARNES et al.

### No. 5048.

Court of Civil Appeals of Texas.
Texarkana.

March 18, 1937.

432

S. F. Leslie, of Bonham, for appellant.

Bishop & Holland, of Athens, for appellees.

JOHNSON, Chief Justice.

This appeal is from an order of the district court of Fannin county sustaining pleas of privilege, transferring the case to the district court of Henderson county, the county in which appellees are domiciled.

The suit is upon a written contract executed by appellees, containing the following provisions: "And (obligors) further specifically agree that all accounts or indebtedness incurred hereunder are payable at Memphis, Tennessee, or at Bonham, or at any point in Texas at the option of the Company."

Appellant contends that the provisions are within R.S. art. 1995, subd. 5, as amended by Acts 1935, 44th Leg., p. 503, c. 213, § 1 (Vernon's Ann.Civ.St. art. 1995 (5), reading:

"Art. 1995. No person who is an inhabitant in this State shall be sued out of the county in which he has his domicile except in the following cases: * * *

"5. [as amended] *Contract in Writing.*— If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The caption of the amendment reads: "An Act amending Subdivision 5 of Article 1995, of the Revised Civil Statutes of the State of Texas, 1925, by distinctly specifying that the county for the performance of the obligation which is involved in the suit, must be named by the writing expressly, and declaring an emergency." (Acts 1935, c. 213.)

The language of the amendment of subdivision 5 leaves no room for construction,

it clearly conveys but the one expressed meaning, that the contract "by such writing," must expressly state the particular county or place therein where the obligation is to be performed. Therefore a contract, as here presented, where the obligors promise performance at a named place or at any other place in Texas, not named in the contract but to be subsequently determined by and at the will of the obligee does not expressly name the particular places where performance is promised. That the company has in the exercise of that option filed suit at Bonham, in Fannin county, Tex., a place named in the contract, does not alter the provisions of the contract wherein uncertainty arises from the promise of performance in any other place in Texas that may have been named by the company. It is by the terms of the contract—not the subsequent exercise of the will of the obligee—that the places where performance is therein promised must be named.

Appellant relies on the case of Pavlidis v. Bishop & Babcock Sales Co. (Tex.Civ.App.) 41 S.W.(2d) 294, 295, and cases therein cited. In that case a contract which promised performance in either of two expressly named places was held sufficient. It is materially distinguishable in point of fact from the present case, in that the contract here presented promises performance in any unnamed point in Texas which may be subsequently named by the obligee, as much so as it does either of the two named places.

The present case is more nearly in point of fact with the cases cited in 43 Tex.Jur. 727, § 16, holding: "'A particular county' for performance of the contract, within the meaning of the statute, is one that is fixed and certain, made so by the terms of the contract and not subject to be changed at the will of the obligee. * * *" McManus v. Texas Development Bureau (Tex.Civ.App.) 73 S.W.(2d) 655; Bryson v. Oliver Farm Equipment Sales Co. (Tex.Civ.App.) 61 S.W.(2d) 147; General Motors Acceptance Corp. v. Hunsaker (Tex.Civ.App.) 50 S.W.(2d) 367; Turner v. Ephraim (Tex.Civ.App.) 28 S.W.(2d) 608; General Motors Acceptance Corp. v. Christian (Tex.Civ.App.) 11 S.W.(2d) 620.

The judgment is affirmed.