HARRISON et al. v. NUECES ROYALTY CO.

No. 11209.

Court of Civil Appeals of Texas. San Antonio.

June 3, 1942.

Rehearing Denied June 24, 1942.

Taylor & Friedman, of Houston, for appellants.

Neel, King & Rachal, of Corpus Christi, for appellee.

NORVELL, Justice.

This is an appeal from an order overruling a plea of privilege.

Appellee brought suit in Nueces County upon a promissory note executed by appellants reading in part as follows:

"$9,314.23 Dallas, Texas, Aug. 1, 1940

"Nine (9) months after date, for value received, the undersigned, jointly and severally, promise to pay to Nueces Royalty Company, or order, the sum of Nine Thousand Three Hundred Fourteen and 23/100 ($9,314.23) Dollars, with interest from date to maturity at the rate of eight per cent (8%) per annum, payable at maturity, both principal and interest payable *at the office of Nueces Royalty Company.* * * *"

Appellants filed their respective pleas of privilege and appellee, in a controverting affidavit, relied upon exception 5 of Article 1995, Vernon's Ann.Civ.Stats.

By stipulation it was agreed that the note had been executed by appellants; that none of appellants resided in Nueces County, and that the "principal and only office at that time (when the note was executed) and prior to that time and ever since that time of the Nueces Royalty Company * * * was and is and has been at all times in Corpus Christi, Nueces County, Texas."

The case of Cities Service Oil Company v. Brown, 119 Tex. 242, 27 S.W.2d 115, seems directly in point upon the facts. However, since that decision exception 5 has been amended. Prior to 1935, said exception read as follows: "5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

■ The exception as amended by the Acts of the 44th Legislature, 1935, reads as follows (pertinent additions are indicated by italics): "5. Contract in Writing.—If a person has contracted in writing to perform an obligation in a particular county, *expressly naming such county, or a definite place therein, by such writing,* suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

We hold that the exception now requires that a definite place be stated in the written instrument, but that the identification of such definite place as being located within a particular county may be established by extraneous proof.

A comparison of the wording of exception 5, as amended, with that of the statute of frauds (Art. 3995, Vernon's Ann.Civ. Stats.), demonstrates that the validity of

the analogy upon which Cities Service Oil Co. v. Brown is based has not been impaired by the amendment of the exception.

Appellants contend that Port Iron & Supply Company v. Casualty Underwriters, Tex.Civ.App., 118 S.W.2d 627, by the Dallas Court of Civil Appeals, holds contrary to the rule above stated. We are unable to agree with this contention.

Appellants seem to construe said decision as holding that not only must a definite place of performance be designated by the writing, but that, in addition, the location of such place within a particular county must be so established.

This view must be rejected. If the written instrument alone may be looked to for the purpose of locating the definite place within a particular county, then it is apparent that the words "or a definite place therein" have no meaning whatsoever, and constitute mere surplusage. Texas Bank & Trust Company v. Austin, 115 Tex. 201, 280 S.W. 161; 39 Tex.Jur. 208, § 112.

Furthermore, the Dallas Court of Civil Appeals in arriving at its decision in the case mentioned did consider a fact not disclosed by the written instruments upon which the suit was based, to-wit, the fact that the City of Dallas lies within the boundaries of Dallas County. It can not be said that one would arrive at a knowledge of this fact from the terms of the contracts alone. The doctrine of judicial notice must be invoked to establish the same.

■ But it is further inferentially suggested that although the location of the place with reference to the county is clearly a matter not established by the written instrument but in a sense extraneous to it, judicial notice may be relied upon to establish the fact, but that evidence tending to do so can not be considered. This position is clearly untenable. There is nothing in the wording of the statute which would justify the application of the doctrine of judicial notice to establish a fact, and, at the same time, exclude otherwise competent evidence introduced for such purpose.

■■ The allegation of a controverting affidavit that a definite place named in the written instrument sued upon is located within a particular county is pertinent upon the issue of venue although the truth of such allegation is not established by the writing itself. The allegation being material, it follows that evidence not otherwise incompetent is admissible to establish the same. Of course, where expedient or appropriate, the party stating the allegation may rely upon the doctrine of judicial notice, 9 Wigmore, 3rd Ed. 531, § 2565, but he is not restricted to this method of establishing his assertion.

■ It would be difficult to imagine a more confused situation than that which would result from the injecting of the doctrine of judicial notice, a part of the law of evidence, into the statutory law relating to venue as a substantive part thereof. As pointed out by appellee's attorney upon oral argument, the result of such legal legerdemain would be a holding that a suit upon a note reciting that it was payable in Corpus Christi could be maintained in Nueces County, Hambel and Heasty v. Davis, 89 Tex. 256, 34 S.W. 439, 59 Am.St.Rep. 46, while suit upon a note payable in Robstown, Texas, could not be maintained in said county, although the record of the evidence introduced upon the hearing of the plea of privilege showed conclusively that Robstown was in fact located in Nueces County. Missouri, Kansas & Texas R. Co. of Texas v. Lightfoot, 48 Tex.Civ.App. 120, 106 S.W. 395.

This example is not the only illustration which might be given. Chapter 5 of McCormick and Ray, Texas Evidence, dealing with Judicial Notice suggests numerous others.

For the reasons above set out, we believe Cities Service Oil Co. v. Brown is controlling in the disposition of this appeal. The judgment of the trial court is affirmed.