**YELL v. PROCK et al.**

No. 15233.

Court of Civil Appeals of Texas.
Fort Worth.
March 9, 1951.

Rehearing Denied April 6, 1951.

Thomas & Thomas, of Big Spring, for appellant.

Elihu E. Berwald and Max R. Rosenfield, both of Dallas, for appellee.

McDONALD, Chief Justice.

The suit is on a promissory note, payable by its terms "to the order of the General Distributing Company, 2814 Main Street, Dallas, Texas, or at such other place as the holder hereof may from time to time in writing appoint." The appeal is from an order overruling defendant's plea of privilege to be sued in the county of his residence.

Appearance day was August 28, 1950. Judgment by default was prematurely entered on August 23rd. Defendant's plea of privilege was filed August 26th. Thereafter defendant filed a motion to set aside the judgment by default, and the default judgment was set aside by the court on September 20th. On the day last mentioned the court overruled the plea of privilege.

Two questions are raised on appeal. The first is whether or not defendant waived his plea of privilege by filing the motion to set aside the default judgment, the second is whether or not venue lay in Dallas County under the quoted provision of the note.

We hold that the filing of the motion to set aside the default judgment was not a waiver of the plea of privilege. Turner v. Ephraim, Tex.Civ.App., 28 S.W. 2d 608; and Spinnler v. Armstrong, Tex. Civ.App., 63 S.W.2d 1071, are in point. To paraphrase the language of the last cited opinion, it was necessary for the defendant to have the default judgment set aside, and when this was done his plea of privilege should have been considered on the merits. We do not consider it material that the motion to set aside the default judgment was filed after the plea of privilege was filed.

The holder of the note is not entitled to maintain venue in Dallas County under the above quoted provision. The contract did not, at the time of its execution, require performance in any particular county, but left the matter open, to be determined at some future time at the will and pleasure of the holder of the note. The question is foreclosed by a number of decisions, including McManus v. Texas Development Bureau, Tex.Civ.App., 73 S.W.2d 655; W. T. Rawleigh Co. v. Karnes, Tex.Civ.App., 103 S.W.2d 431; W T. Rawleigh Co. v. Cooper, Tex.Civ.App., 111 S.W.2d 776. Two cases are cited by appellee. The distinction between Pavlidis v. Bishop & Babcock Sales Co., Tex.Civ. App., 41 S.W.2d 294, and the case before us, lies in the fact that in the cited case the place of payment was stipulated in the contract as being one or the other of two named places, while in the case before us the place of payment was left open to determination by the holder of the note at some later date. This particular question was discussed in the McManus case, supra. In Harrison v. Nueces Royalty Co., Tex. Civ.App., 163 S.W.2d 244, the only question before the court was whether or not the place of performance stated in the contract might be established as being within a particular county by extraneous proof.

The judgment of the trial court is reversed and judgment is rendered sustaining the plea of privilege.