R. S. DOWD, d/b/a State Line Discount House, Appellant,

v.

C. L. DOWD, Appellee.

No. 7441.

Court of Civil Appeals of Texas.

Texarkana.

July 24, 1962.

Rehearing Denied Aug. 7, 1962.

Harkness & Friedman, Texarkana, for appellant.

Brown & Brown, Texarkana, for appellee.

FANNING, Justice.

Appellant filed suit against appellee in District Court of Bowie County, Texas, on a note in the principal amount of $604.-44, and also sought judgment for attorney fees, interest, costs and foreclosure of a chattel mortgage upon merchandise sold by appellant to appellee.

Appellee, a resident of Bexar County, Texas, filed a statutory plea of privilege, which was controverted by appellant. The trial court sustained the plea of privilege and appellant has appealed.

Appellant seeks to maintain venue in Bowie County, Texas, under Subd. 5 of Art. 1995, Vernon's Ann.Civ.St. Said subdivision provides as follows: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

The written obligation signed by appellee and sued upon by appellant contains no provision expressly stating that such obligation is payable in Bowie County, Texas. The only provision in the instrument with respect to place of payment reads as follows: "The undersigned promise to pay to State Line Discount House / Firm or Trade Name of Dealer or order, at the office of the holder hereof as may be designated from time to time * * *."

Appellant sought to prove that the office of State Line Discount House, at the time of the filing of the suit, was in Texarkana, Bowie County, Texas, which evidence was excluded by the trial court over the objection of appellant. By testimony developed on bill of exception plaintiff-appellant proved that State Line Discount House was located in Bowie County, Texas, at the time of the filing of the suit. By his first point appellant contends that the trial court erred in not admitting in evidence the above referred to testimony and by his second point appellant contends that the trial court erred in sustaining the plea of privilege and transferring the cause to Bexar County, Texas.

Appellant, in seeking a reversal, relies principally upon the cases of Cities Service Oil Company v. Brown, 119 Tex. 242, 27 S.W.2d 115; Harrison v. Nueces Royalty Company, Tex.Civ.App., 163 S.W.2d 244, wr. dism.; and Coffield v. Richter, Tex. Civ.App., 229 S.W.2d 97, n. w. h. These cases are clearly distinguishable from the case at bar. The written contract in the Brown case contained the following language with respect to place of payment " * * * I or we, promise to pay the above amount at the principal office of the company. * * *" The written contract in the Harrison case contained the following language with respect to place of payment. " * * * promise to pay to Nueces Royalty Company, or order, * * * both principal and interest payable at the office

of Nueces Royalty Company. * * *" In the Coffield case the written agreement described the oil involved as being stored in a storage tank located on the Magnolia lease pump station at Schulenberg, Texas.

However, in the written instrument here in question, the place of payment is not stated, unequivocally and with definite certainty, to be *at* State Line Discount House. The provision in question here provides that the appellee Dowd promises "to pay *to* State Line Discount House *or order, at the office of the holder hereof as may be designated from time to time. * * *"* The instrument is a negotiable instrument and could be transferred to a holder or holders whose offices might not be in Bowie County, Texas, but might be in various other counties, and "as designated from time to time" as provided in the instrument. We think this case is more closely akin to the case of Yell v. Prock, Tex.Civ.App., 238 S.W.2d 238, wr. dism., and authorities cited therein, than to the Brown, Harrison and Coffield cases.

In Yell v. Prock, supra, a plea of privilege case, the suit was on a note payable "to the order of the General Distributing Company, 2814 Main Street, Dallas, Texas, or at such other place as the holder hereof may from time to time in writing appoint." We quote in part from Yell v. Prock, supra, as follows:

"The holder of the note is not entitled to maintain venue in Dallas County under the above quoted provision. The contract did not, at the time of its execution, require performance in any particular county, but left the matter open, to be determined at some future time at the will and pleasure of the holder of the note. The question is foreclosed by a number of decisions, including McManus v. Texas Development Bureau, Tex.Civ.App., 73 S.W.2d 655; W. T. Rawleigh Co. v. Karnes, Tex.Civ.App., 103 S.W.2d 431; W. T. Rawleigh Co. v. Cooper, Tex. Civ.App., 111 S.W.2d 776. Two cases

are cited by appellee. The distinction between Pavlidis v. Bishop & Babcock Sales Co., Tex.Civ.App., 41 S.W.2d 294, and the case before us, lies in the fact that in the cited case the place of payment was stipulated in the contract as being one or the other of two named places, while in the case before us the place of payment was left open to determination by the holder of the note at some later date. This particular question was discussed in the McManus case, supra. In Harrison v. Nueces Royalty Co., Tex.Civ.App., 163 S.W.2d 244, the only question before the court was whether or not the place of performance stated in the contract might be established as being within a particular county by extraneous proof."

The judgment of the trial court is affirmed