GREAT WESTERN LOAN & TRUST COM-
PANY, Inc., Appellant,

v.

James B. BASS, Appellee.

GREAT WESTERN LOAN & TRUST COM-
PANY, Inc., Appellant,

v.

Richard D. GUIDRY, Appellee.

GREAT WESTERN LOAN & TRUST COM-
PANY, Inc., Appellant,

v.

Freddy RICHARDSON, Appellee.

Nos. 11161, 11171, 11172.

Court of Civil Appeals of Texas.

Austin.

Feb. 12, 1964.

Rehearing Denied March 4, 1964.

Leonard L. Franklin, Austin, for appellant.

Frank O. Barnes, Houston, for J. Bass.

Ernest L. Sample, Beaumont, for F. Richardson.

PHILLIPS, Justice.

The facts in these cases are identical. The notes in question were made by the purchasers of appliances to Family Freeze who subsequently endorsed the notes to Great Western Loan and Trust Co., Inc. When the notes in question were made the Capital National Bank in Austin, Texas, was handling some of them and the note form used had printed thereon that they were payable at the Capital National Bank in Austin, Texas.

After the makers of the notes had signed them and left them with Family Freeze, Family Freeze, without the knowledge of the makers, added by typewriter immediately following the words payable at the Capital National Bank in Austin, Texas, "or at the place designated by the holder hereof."

These notes were subsequently sold to and are presently held by the Great Western Loan & Trust Company, Inc., the plaintiff in the trial court and the appellant in this Court.

This case is before us on a plea of privilege. Appellant sued the makers in Austin, Travis County, Texas. The makers filed pleas of privilege alleging the right under Article 1995 Vernon's Ann.Civ.St. to be sued in the county of their residence. The trial court held that the pleas were good and ordered the cases transferred as requested.

We reverse the judgment of the trial court and remand these cases for further development as hereinafter indicated.

Appellant contends that the venue in its suit on the notes lies in Travis County under Subdivision 5, of Article 1995, V. C.S. Subdivision 5 which states that if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant had his domicile. Appellant maintains that the notes were payable, or the contracts were to be performed, "at the Capital National Bank in Austin, Travis County, Texas." That in doing this, the makers put themselves within the purview of the above quoted exception to the general rule as they had expressly agreed in writing to perform the obligations at the Capital National Bank in Austin, Travis County, Texas. That the "gratuitous and unilateral addition" after the execution and delivery of the promissory notes of the above-mentioned addition by the promisee did not make the place of performance of the obligations uncertain so far as the parties herein are concerned. That as to these parties such addition could amount to a mere spoliation of the instrument in that it was made without the privity of either and so had no effect upon their respective rights or obli-

gations. That even considering the added phrase as a material alteration of the instrument, plaintiff would still be entitled to prosecute his suit in Travis County under the provisions of Art. 5939, Sec. 124, V.C.S., providing as follows:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized or assented to the alteration, and subsequent endorsers.

"When an instrument has been materially altered and is in the hands of a holder in due course, not a party to the alteration, he may enforce payment thereof according to its original tenor."

Appellees cite Dowd v. Dowd, Tex.Civ. App., 359 S.W.2d 287, writ dism., where the court held that venue lay in the residence of the promissor where the note recited that it was payable at "State Line Discount House at office of holder hereof as may be designated from time to time." The Court held that the place of payment was uncertain and cited Yell v. Prock, Tex. Civ.App., 238 S.W.2d 238, writ dism. In this latter case the note was payable "to the order of the General Distributing Company, 2814 Main Street, Dallas, Texas, or at such other place as the holder hereof may from time to time in writing appoint." Here the court held that the holder was not entitled to maintain venue in Dallas County. The contract did not, at the time of its execution, require performance in any particular county but left the matter open to be determined at some future time at the will and pleasure of the holder of the note.

Cases cited by appellees as to uncertainty in place of payment are cases involving controversies between the original parties to the note. Appellant claims to be a holder in due course under the provisions of Art. 5939, Sec. 124 V.C.S. In order

to be a holder in due course, appellee must have bought the note, in addition to other requirements, without knowledge that the note had been altered without the consent of the maker. The testimony in this regard is the testimony of the only witness called, a Mr. J. Kenneth Black, Vice President and General Manager of Family Freeze at the time the notes were sold to appellant.

"Q Did you ever tell Great Western Loan & Trust Company that this phrasing had been added to the note after it was signed?

"A I am sure that they knew that we added it after, because we sold paper to both organizations.

"Q You say you are sure they knew that it was added?

"A Oh, I say they would know on any note they bought, that it had been added after, because they didn't know whether we were going to sell the paper to the Capital National Bank or whether we were going to sell it to Great Western. If we sold it to Great Western, we added the phrase. They would see the note.

" * * *

"Q Let me just say, did you tell Great Western that that had been added?

"A No; I just sent it to them and they bought it."

■ We hold that there is insufficient evidence here to show that the appellant had knowledge that the alteration had been made without the consent of the maker. Such knowledge would determine whether or not appellant is a holder in due course with a right to enforce the instrument as originally drawn under Art. 5939, Sec. 124, V.C.S. or whether it had purchased the notes with knowledge of the alteration, in which event the alteration would be ratified by appellant and become binding

on it, thus creating the uncertainty alluded to above.

We reverse and remand this cause for a new trial.

Reversed and remanded.