**BRUCE CAMPBELL AND SON CONSTRUCTION CO., INC., and Transamerica Insurance Company, Appellants,**

v.

**BRITTON DRIVE, INC., a corporation, aka Britain Drive, Inc., Appellee.**

No. 5472.

Court of Appeals of Texas, Waco.

Sept. 18, 1975.

Rehearing Denied Oct. 9, 1975.

Pakis & Cherry, Inc., Waco, for appellants.

Culton, Morgan, Britain & White, Sam R. Cummings, Don L. Patterson, Amarillo, for appellee.

HALL, Justice.

Britton Drive, Inc., (hereinafter "Britton"), brought this suit in Potter County against Bruce Campbell And Son Construction Co., Inc., ("Campbell"), and Transamerica Insurance Company ("Transamerica"), pleading that Campbell agreed in writing to construct an apartment complex in Amarillo, Texas, for Britton, and "to repair and make good" free of cost to Britton any defect or fault in construction discovered within one year after completion of the work; that Transamerica is the surety on Campbell's performance bond; and that Campbell has failed and refused to repair defects in construction in breach of the contract. Britton alleged that it has suffered damages totaling $245,380 as a result of the breach, and it sought recovery of this sum against the defendants, jointly and severally.

Campbell filed a plea of privilege to be sued in Bell County, the county of its residence. Similarly, Transamerica sought to have the case against it transferred to Dallas County. Britton controverted the defendants' pleas, contending that under the terms of Subdivisions 5 and 29a of Article 1995, Vernon's Tex.Civ.St., the suits were maintainable in Potter County. Following a trial without a jury, the court overruled the pleas of privilege. We affirm.

Insofar as relevant, Subd. 5 of the venue statute provides that if a defendant has contracted in writing to perform an obliga-

tion in a particular county, expressly naming the county or a definite place therein in the writing, then suit upon that obligation may be brought against the defendant in that county. Subdivision 29a provides that if an action is properly brought in the county of suit under any provision of Article 1995 as to any defendant in a multiple-defendant suit, then venue is proper there as to all who are necessary parties thereto.

By appropriate points of error, Campbell and Transamerica question the legal and factual sufficiency of the evidence to support the implied findings of venue facts necessary to sustain the court's order.

The construction contract and the performance bond are in evidence. The contract provided that Campbell would construct a 208-unit apartment complex for Britton and correct or repair free of cost to Britton any construction defect discovered within one year after completion. The performance bond incorporates the construction contract by reference, and obligates Transamerica to promptly remedy any default by Campbell and complete the contract.

Campbell and Transamerica separately assert that Subd. 5 has no application because neither the contract nor the performance bond expressly names Potter County or a definite place therein as the place of performance.

■ There are a number of references in the contract and one in the bond to the fact that the apartment complex was to be constructed in the City of Amarillo. In Texas, courts judicially notice, at least in civil cases, that a city is located entirely within a particular county. This judicial knowledge has enabled plaintiffs to maintain venue under provisions of Article 1995 without additional proof that a designated city was located within the county of suit. *Harper v. Killion*, 162 Tex. 481, 348 S.W.2d 521, 523 (1961); *Burtis v. Butler Bros.*, 148 Tex. 543, 226 S.W.2d 825, 829 (1950). But the Texas courts judicially know, also, that the City of Amarillo lies in both Randall and Potter

Counties. Thus, cases in which a named city was judicially known or assumed to be located entirely in the county of suit are not applicable, here. *Southwestern Investment Company v. Shipley* (Tex.Sup., 1966) 400 S.W.2d 304, 307.

Article 2 of the contract in question contains this provision:

"THE WORK. The contractor shall perform all the work required by the Contract Documents for the construction of 208 apartment units, a community building, and swimming pool. Gross veneer square footage of the project is 189,-686 square feet, located on approximately 385,522 square feet or 8.850 acres on Virginia Circle and Britain Drive, as per survey made by Joyce Parks, of Hatfield Engineering Company, 509 West 10th Avenue, Amarillo, Texas, who is a registered public surveyor, dated January 10, 1973."

Joyce Parks testified that he is a registered public surveyor with Hatfield Engineering Company, 509 West 10th Avenue, Amarillo, Texas. He said that he surveyed the acreage described in Article 2 of the contract as being on Virginia Circle and Britain Drive, and signed the field notes resulting from the survey on January 10, 1973. He identified the field notes. They enclose "[a] tract of land out of Section 227, Block 2, A.B.&M. Survey, Amarillo, Potter County, Texas . . . containing 385,-522 sq. ft. in area (8.850 acres)." Additionally, Mr. Parks testified that the tract is located within Potter County. This testimony is not disputed.

The defendants assert here, as they did in the trial court by objection, that Parks's testimony was not admissible to show that the tract described in the contract is located in Potter County. We disagree.

■ It is the established rule that where a contract names or identifies a definite place for performance, extraneous proof is proper to establish the county in which the place is located. For example, in *Cities Service Oil Co. v. Brown*, 119 Tex. 242, 27

S.W.2d 115 (1930), the defendant signed an invoice payable "at the principal office of the company" at the time he received delivery of merchandise from the plaintiff Company. The court said, "This contract on its face furnished the means by which the agreed place of payment could be determined. Extraneous proof to identify the same did not tend to vary, modify, or enlarge the terms of such contract, but only served to identify the particular place where the parties agreed payment should be made." Other cases in which this principle has been applied, and in which places named in contracts for performance were held to be "definite places" within the meaning of the venue statute in question, are: *Garcia v. Coastal Bend Production Credit Ass'n* (Tex.Civ.App.—Corpus Christi, 1968, no writ hist.) 430 S.W.2d 385, 386 (note payable "in the city of Texas in which said Association's principal office is located"); *Lebow v. Weiner* (Tex.Civ.App.—Hou.14th, 1967, no writ hist.) 420 S.W.2d 755, 759 (deed to be delivered at "listing realtor's office"); *Piper, Stiles & Ladd v. Fidelity & Deposit Co. of Md.* (Tex.Civ.App.—Hou.1st, 1966, writ dism.) 408 S.W.2d 800, 801 (premiums payable at "Houston Branch Office"); *Tyson v. Seaport Grain, Inc.* (Tex. Civ.App.—Corpus Christi, 1965, writ dism.) 388 S.W.2d 731, 735 (materials to be delivered "F.O.B. site [of construction]"); *Smith v. Crockett Production Credit Ass'n* (Tex. Civ.App.—Hou.1st, 1963, no writ hist.) 372 S.W.2d 954, 955 (note payable "in the city in Texas in which said Association's principal office is located"); *Butler, Williams & Jones v. Goodrich* (Tex.Civ.App.—Galveston, 1956, writ dism.) 288 S.W.2d 887, 890 (repairs to be made to "your residence below Navasota, Texas"); and *Harrison v. Nueces Royalty Co.* (Tex.Civ.App.—San Antonio, 1942, writ dism.) 163 S.W.2d 244, 245 (note payable "at the office of Nueces Royalty Company").

 Article 2 of the contract required Campbell to build the apartments on "8.850 acres" located on "Virginia Circle and Britain Drive" according to a survey made by a public surveyor named Joyce Parks on a specified day. This designates a definite place for the construction, and Parks's testimony was admissible to show that the place is located in Potter County. Any construction defects are necessarily repairable there. This evidence is legally and factually sufficient to support the implied findings that the construction contract, and the performance bond which obligated Transamerica to remedy the construction defects if Campbell defaulted, were both performable by their terms in Potter County. Accordingly, venue in this suit as to both defendants is proper in Potter County under the terms of Subd. 5. Questions raised dealing with Subd. 29a are therefore immaterial.

The judgment is affirmed.