**Richard F. LOOMIS, Jr., Appellant,**

v.

**BLACKLANDS PRODUCTION CREDIT ASSOCIATION, Appellee.**

**No. 5742.**

Court of Civil Appeals of Texas, Waco.

May 26, 1977.

Logan Ford and Catherine A. Gerhauser, Burford, Ryburn & Ford, Dallas, for appellant.

Joe B. Cannon, Cannon, Cannon & Reed, Groesbeck, for appellee.

HALL, Justice.

Blacklands Production Credit Association brought this suit in Limestone County against Richard F. Loomis, Jr., to recover the balance allegedly due on a promissory note executed by Loomis which is payable to the Association. Loomis's plea of privilege to be sued in Dallas County, the county of his residence, was controverted by the Association under the provisions of subdivision 5 of Article 1995, Vernon's Tex.Civ.St. After a hearing without a jury, the plea of privilege was overruled. Loomis appeals. We affirm.

In its relevant parts, subdivision 5 of the venue statute provides that if a defendant has contracted in writing to perform an obligation in a particular county, expressly naming the county or a definite place therein in the writing, then suit upon that obligation may be brought against the defendant in that county.

■ The note in question is payable "in the city in Texas in which said Association's principal office is located." Loomis contends this designation "does not fix the place of performance in Limestone County with sufficient certainty" to satisfy the particularity required by the venue statute. We disagree. It is the established rule that where a contract names or identifies a definite place for performance, extraneous proof is proper to establish the county in which the place is located. *Bruce Campbell & Son Const. v. Britton Drive,* 527 S.W.2d 852, 854 (Tex.Civ.App.—Waco 1975, no writ). The proof here shows that the Association's principal office is and has always been located in Mexia, Limestone County, as provided in its Articles of Incorporation. This proof was admissible to show the location of the "definite place" named in the note for its payment, and, with the designation, meets the requirement of the statute.

■ Specifically, Loomis argues that because the Association could determine to change the location of its principal place of business, the designation in the note for place of payment is inherently uncertain, citing *Dowd v. Dowd,* 359 S.W.2d 287 (Tex. Civ.App.—Texarkana 1962, writ dism.); *Yell v. Prock,* 238 S.W.2d 238 (Tex.Civ.App. —Fort Worth 1951, writ dism.); and *McManus v. Texas Development Bureau,* 73 S.W.2d 655 (Tex.Civ.App.—Dallas 1934, no writ). In *Dowd,* the note sued upon was payable "at the office of the holder hereof as may be designated from time to time"; in *Yell,* the note was payable "to the order of the General Distributing Company, 2814 Main Street, Dallas, Texas, or at such other place as the holder hereof may from time to time in writing appoint"; and in *McManus,* the note was payable "at the office of the Texas Development Bureau, or bank, at Dallas, Texas, or at the place of residence of the owner, legal holder or assignee of note, at his option." Each of these instruments was held not to name a particular place for payment within the meaning of the venue statute. Plainly, they do not do so, but leave the matter open for future determination. These cases do not meet

our problem. On the other hand, and factually in point, in *Cities Service Oil Co. v. Brown,* 119 Tex. 242, 27 S.W.2d 115 (1930), the defendant signed an invoice payable "at the principal office of the company" at the time he received delivery of merchandise from the plaintiff company. The court said, "This contract on its face furnished the means by which the agreed place of payment could be determined," and held that extraneous proof was properly admissible to identify it. Other cases in point are cited in *Bruce Campbell & Son Const. Co. v. Britton Drive,* supra.

The judgment is affirmed.