**James C. ROGERS, Individually and d/b/a Futura Leasing, Appellant,**

v.

**J. D. THOMPSON, Individually and d/b/a Caesar's II Club, Appellee.**

No. 15829.

Court of Civil Appeals of Texas, San Antonio.

July 20, 1977.

James R. Bass, San Antonio, for appellant.

Thomas G. Sharpe, Jr., Brownsville, for appellee.

KLINGEMAN, Justice.

This is an appeal from an order of the district court of Bexar County, Texas sustaining appellee's plea of privilege and ordering that the records and papers in said cause be transferred to the district court of Cameron County, Texas. Appellant, James C. Rogers, Individually and d/b/a Futura Leasing, filed suit in Bexar County, Texas for rentals allegedly due under a written lease providing for monthly rental payments for the use of three Triton III Precipitators, "Smoke Eaters". Appellee filed

a plea of privilege to be sued in Cameron County, the county of his residence. Appellant timely controverted such plea, asserting that venue is properly maintainable in Bexar County under Sub. 5, Art. 1995, Tex. Rev.Civ.Stat.Ann. (1964). The trial court after a hearing sustained appellee's plea of privilege. There is no statement of facts in the record.

Article 1995, Sub. 5 provides in part as follows: "(5) Contract in writing.—(a) Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

As essential venue fact under this subdivision is that defendant has contracted in writing to perform the specific obligation sued on in the county of suit, expressly naming that county or a definite place therein in the contract. *Kaufmann v. McKissack*, 446 S.W.2d 329 (Tex.Civ.App.—Waco 1969, no writ); 1 McDonald, Texas Civil Practice (1965) 4.11.1.[1]

By one point of error appellant asserts that the trial court erred in sustaining appellee's plea of privilege to be sued in Cameron County, Texas, since the lease on its face shows the appellee was obligated to perform at a definite place, to wit, the office of lessor, Futura Leasing, thus complying with Sub. 5, Art. 1995, Tex.Rev.Civ. Stat.Ann., and the lease shows from its four corners that lessor's office is located in San Antonio, Texas, which is within Bexar County, the county of suit.

The particular portion of the contract here involved reads as follows: "(1) RENTAL. As rental for the equipment, lessee agrees to pay to lessor, during the initial term of this lease, the rental payment as specified under Monthly Rental Payments above . . . . . Payment of said rental shall be made in advance on the dates specified at the office of lessor, FUTURA LEASING or to such other person, firm or corporation at such other place as lessor may from time to time designate in writing . . . ."

Appellee asserts that the written contract in issue does not name the county, city, or place where the payment under the contract is to be made.

It is appellant's contention that although the lease contract does not definitely name Bexar County, it fixes a definite place therein, the office of lessor, and that venue is sustainable in Bexar County under Sub. 5 because his office is in San Antonio, which is in Bexar County. In his brief, he cites and relies on such cases as *Cities Service Oil Company v. Brown*, 119 Tex. 242, 27 S.W.2d 115 (Tex.Comm'n App.1930); and *Harrison v. Nueces Royalty Company*, 163 S.W.2d 244 (Tex.Civ.App.—San Antonio 1942, writ dism'd).

In *Cities Service v. Brown*, Brown promised to pay "at the principal office of the company." Evidence at the hearing on the plea of privilege located the principal office in Fort Worth, Tarrant County, Texas. The Court held that even though parol proof was necessary to identify the place where payment was agreed to be made, Sub. 5 applied, and that Brown's plea of privilege should have been overruled. In *Harrison*, the promissory note provided that payment under the contract in question was to be made "at the office of Nueces Royalty Company". By stipulation it was agreed that the principal and only office of the Company was in Nueces County, Texas. This was held sufficient to fix venue in Nueces County, Texas. We have no quarrel with these cases.

Appellant overlooks a portion of the contract here involved. The contract provides that payments were to be made monthly at the office of lessor, Futura Leasing, *or at*

[1] "The venue facts (for Subdivision 5) are: (I) that the defendant is party reached by the statute; (II) that the claim is based on a written contract; (III) that the contract was entered into by the defendant or by one authorized to bind him, or was assumed or ratified by him; (IV) that the contract by its terms provides for performance of the obligation sued upon in the county of suit."

*such other place as lessor may from time to time designate in writing* (emphasis ours). There are a number of Texas cases involving this type of provision.

A case directly in point is *Yell v. Prock*, 238 S.W.2d 238 (Tex.Civ.App.—Fort Worth 1951, writ dism'd). The suit there was on a promissory note that was payable "to the order of the General Distributing Company, 2814 Main Street, Dallas, Texas, or at such other place as the holder thereof may from time to time in writing appoint." Suit was brought in Dallas County, and defendant filed a plea of privilege to be sued in the county of his residence. The court·held: "The holder of the note is not entitled to maintain venue in Dallas County under the above quoted provision. The contract did not, at the time of its execution, require performance in any particular county, but left the matter open, to be determined at some future time at the will and pleasure of the holder of the note."

Other cases in point and along this same line are: *Dowd v. Dowd*, 359 S.W.2d 287 (Tex.Civ.App.—Texarkana 1962, writ dism'd); *W. T. Rawleigh Company v. Cooper*, 111 S.W.2d 776 (Tex.Civ.App.—El Paso 1937, no writ); *W. T. Rawleigh Company v. Karnes*, 103 S.W.2d 431 (Tex.Civ.App.— Texarkana 1937, no writ); *McManus v. Texas Development Bureau*, 73 S.W.2d 655 (Tex.Civ.App.—Dallas 1934, no writ); *Turner v. Ephraim*, 28 S.W.2d 608 (Tex.Civ.App. —El Paso 1930, no writ).

In *Turner v. Ephraim, supra*, the Court stated: " . . . in our opinion the words 'a particular County,' as used in Subdivision 5 of Art. 1995, R.S., contemplate and mean a county fixed and certain at the time the contract is executed and not a county subject to change by subsequent events within the control of the obligee. A contract of the latter nature is wholly uncertain as to the county in which it is to be performed and certainly not within the spirit of Subdivision 5."

█ It must be remembered that this case is before us without a statement of facts. In the absence of a statement of facts a reviewing court must presume that the evidence sufficiently supports the findings and judgment of the trial court. *Finley v. Finley*, 410 S.W.2d 818 (Tex.Civ.App. —Tyler 1966, writ ref'd n. r. e.); *Household Finance Corporation of Dallas v. Reyes*, 408 S.W.2d 739 (Tex.Civ.App.—Texarkana 1966, writ dism'd); *Thrasher v. Hensarling*, 406 S.W.2d 515 (Tex.Civ.App.—Waco 1966, no writ); *Gamble v. State*, 405 S.W.2d 384 (Tex.Civ.App.—Eastland 1966, no writ); *Hilliard v. Messina*, 404 S.W.2d 824 (Tex. Civ.App.—Eastland 1966, no writ).

█ We have concluded that the trial court correctly sustained appellee's plea of privilege. The herein contract involved nowhere names or mentions Bexar County, Texas. There is no evidence or proof in the record that appellant's principal office or any office is in Bexar County, Texas. There is no evidence in the record that lessor ever made a designation in writing designating a place of payment other than that provided for in the contract. Moreover the contract did not, at the time of its execution, require performance in any particular county, but left the matter open, to be determined at some future time at the will and pleasure of the holder of the note. There is nothing in the written contract or the entire record establishing appellant's right to sue appellee in Bexar County, Texas.

The trial court did not err in granting appellee's plea of privilege. The judgment is affirmed.