**C. J. HIBBLER, Appellant,**

v.

**U. W. WALKER, Appellee.**

No. 8801.

Court of Civil Appeals of Texas, Texarkana.

March 4, 1980.

Mark A. Flaum, John Michael Webb, Webb & Fant, Houston, for appellant.

Houston C. Munson, Jr., Gary J. Schroeder, Gonzales, for appellee.

HUTCHINSON, Justice.

This is an appeal from the order of the trial court overruling a plea of privilege.

U. W. Walker, appellee, instituted this suit in Bastrop County against C. J. Hibbler, appellant, a resident of Harris County, (1) on a promissory note; (2) to foreclose a security interest in certain personalty located in Harris County; and (3) to obtain a temporary injunction to prevent appellant from removing such personalty from Harris County or from allowing it to deteriorate. Appellant filed a plea of privilege seeking the transfer of the case to Harris County. Appellee's controverting affidavit asserts venue in Bastrop County under Subdivision 5 of Article 1995, Tex.Rev.Civ.Stat.Ann., on the basis that the note required payment to be made in Bastrop County.

The promissory note provides that appellant promises to pay appellee

". . . at Cedar Rock Ranch, Route 1, Box 28A, Rosanky, Bastrop County, Texas (payee or any other holder of the indebtedness represented by this Note having the right to require payment at such other place, or places, as payee or such holder may designate in writing from time to time) . . .".

Subdivision 5(a) of Article 1995, Tex.Rev. Civ.Stat.Ann. (Supp.1980), provides:

"Subject to the provisions of Subsection (b), if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

 Appellant contends that the note does not name a "particular county" where the note must be paid as required by Subdivision 5(a) since the payee or holder could change the place of payment at will by informing the maker in writing of such change. We agree with this assertion.

It has long been recognized that the right to be sued in the county of one's domicile is valuable and in order for one to deprive a person of such right he must bring himself clearly within an exception provided by statute. The exception provided for in Subdivision 5 applies only in cases where the sued person agreed at the time he executed the instrument to perform his obligation thereunder in a particular place other than the county of his residence. *General Motors Acceptance Corporation v. Christian*, 11 S.W.2d 620 (Tex.Civ.App. El Paso 1928, no writ). In following this decision the court in *Turner v. Ephraim*, 28 S.W.2d 608 (Tex.Civ.App. El Paso 1930, no writ), stated that the words "a particular county" as used in Subdivision 5 mean a county fixed and certain at the time the instrument was executed. The alternative provision that the place of payment may be redesignated in writing from time to time by appellee or any other holder of the indebtedness makes the place of payment uncertain. *McManus v. Texas Development Bureau*, 73 S.W.2d 655 (Tex.Civ.App. Dallas 1934, no writ). Here, as in *Yell v. Prock*, 238 S.W.2d 238 (Tex.Civ.App. Fort Worth 1951, writ dism'd), the place of payment of the note is left open for determination at a later date at the will and pleasure of the appellee or some subsequent holder of the note. Subdivision 5 of Article 1995 does not permit such a deviation from the basic right of a person to be sued in the county of his residence. *Rogers v. Thompson*, 554 S.W.2d 803 (Tex.Civ.App. San Antonio 1977, no writ)· *Dowd v. Dowd*, 359 S.W.2d 287 (Tex. Civ.App. Texarkana 1962, writ dism'd); *Hromas v. Miller*, 148 S.W.2d 968 (Tex.Civ. App. Dallas 1941, no writ); *W. T. Rawleigh Co. v. Cooper*, 111 S.W.2d 776 (Tex.Civ.App. El Paso 1937, no writ); *W. T. Rawleigh Co. v. Karnes*, 103 S.W.2d 431 (Tex.Civ.App. Texarkana 1937, no writ); *Bryson v. Oliver Farm Equipment Sales Co.*, 61 S.W.2d 147 (Tex.Civ.App. Dallas 1933, no writ); *General Motors Acceptance Corporation v. Hunsaker*, 50 S.W.2d 367 (Tex.Civ.App. Amarillo 1932, writ dism'd); *Pfeifer v. E. J. Hermann Sales Co.*, 43 S.W.2d 484 (Tex.Civ. App. San Antonio 1931, no writ).

The order of the trial court overruling appellant's plea of privilege is reversed and the cause is ordered transferred to a District Court of Harris County.