**PIPELINE SERVICES, INC., Appellant,**

v.

**HILLTOP DRILLING & PRODUCTION, INC., Appellee.**

No. 2–83–018–CV.

Court of Appeals of Texas, Fort Worth.

May 12, 1983.

Montgomery Law Firm, and Elton M. Montgomery, Graham, for appellant.

Morrison & Shelton and Lonny D. Morrison, Wichita Falls, for appellee.

Before HUGHES, JORDAN and BURDOCK, JJ.

## OPINION

JORDAN, Justice.

This is a venue case. Appellee, Hilltop Drilling & Production, Inc., brought suit against appellant, Pipeline Services, Inc., for $93,193.09, a sum it alleged was due under a written contract signed by authorized representatives of both parties. Pipeline filed a plea of privilege which alleged

that suit could not be maintained against it in Hood County, the county in which suit was brought, and that Gray County, Pipeline's principal place of business and residence, was the appropriate situs. Pipeline's plea of privilege was overruled and Hilltop's controverting plea which alleged that venue was proper in Hood County under the provisions of Tex.Rev.Civ.Stat.Ann. art. 1995(5) (Supp.1982) was sustained.

We affirm.

Pipeline's appeal of the overruling of its plea of privilege is predicated on five points of error. Points of error one through four complain that there was no evidence or in the alternative insufficient evidence to support a finding that venue was established in Hood County under art. 1995(5) and that the contract itself established as a matter of law that any exception to general venue rule, which would allow Pipeline to be sued in its county of domicile, is inapplicable. Point of error number five alleges that the language of the contract specifically fails to establish venue in Hood County under art. 1995(5), because it does not provide for performance of an obligation by Pipeline in Hood County or any definite place therein. We find these contentions to be without merit.

Subdivision 5 of art. 1995 provides, as an exception to the general venue rule, that when a party binds himself to perform an obligation in a particular county by a written contract, the party may be sued in that county. The statute further requires that the contract expressly name the particular county or a definite place therein where the obligation is to be performed. In this case, the written, form contract upon which suit was brought provides for Hilltop to furnish Pipeline with certain oil well drilling services in return for the payment of money. The language of the contract upon which Hilltop bases its contention that Pipeline incurred an obligation to be performed in Hood County is found in paragraph 25 of the contract and is as follows:

25. NOTICES AND PLACE OF PAYMENT:

All notices to be given with respect to this Contract unless otherwise provided for shall be given to Contractor and to Operator respectively at the addresses hereinabove shown. All sums payable hereunder to Contractor shall be payable at his address hereinabove shown unless otherwise specified herein.

The address of Hilltop, the "Contractor" in the above paragraph, was set out on the first page of the agreement and appeared as follows:

CONTRACTOR: Hilltop Drilling and Production Company, Inc.

Address: P.O. Box 518
Granbury, Texas 76048

We find that the above recited contractual terms are sufficient to support the finding by the court below that venue of this suit is proper in Hood County. We specifically reject Pipeline's contention that paragraph 26.3 of the contract supersedes paragraph 25 and thereby makes venue in Hood County improper. Paragraph 26.3 is one of a number of paragraphs in the contract which are not part of the standard, printed form which comprises most of the agreement such as paragraph 25. Paragraph 26.3 reads as follows:

26.3 PAYMENT OF CONTRACT

(A) Payment of contract will be due upon receipt of invoice.

(B) Operator agrees to deposit $50,-000.00 in an escrow account in the Graham National Bank in the names of the operator and contractor prior to the commencement of drilling.

As we noted earlier, Hilltop has sued Pipeline for over $93,000.00 it claims to be due under the contract. The fact that Pipeline was required to place $50,000.00 in an escrow account in Graham, Young County, in no way diminishes its obligation to pay sums due and owing on the contract to Hilltop at its address in Granbury, Hood County. The evidence adduced at a hearing on the matter would clearly support a finding that the opposite is true, in that there was a showing that Pipeline had in fact made payments on its account to Hilltop at the Granbury address set out above. As Hilltop notes in its brief, paragraph 26.3 in no way alters the place for payment, it merely provides a separate location for the establishment of security. We therefore hold that the contract in question establishes Granbury, Hood County, as the place for Pipeline's performance of its obligation to pay. Because Pipeline owed Hilltop a duty, under the provisions of the written contract to make its payments at the Granbury address, we find that art. 1995(5) permits suit to be brought against Pipeline in Hood County. Pipeline's points of error one through four are overruled.

■ Pipeline, by way of its fifth and final point of error, argues that art. 1995(5) is inapplicable to the case at hand because paragraph 25 fails to establish a duty on Pipeline's part to perform an obligation in Hood County or in a definite place therein. Although Pipeline concedes that the Granbury address, set out above as it appears in the contract, would be sufficient to establish venue in Hood County, it argues that paragraph 25 makes the actual place of payment indefinite because it says that the payments shall be payable at the Granbury address, "unless otherwise specified". In support of its argument, Pipeline cites the case of *Hibbler v. Walker,* 598 S.W.2d 19, (Tex.Civ.App.—Texarkana 1980, no writ) in which it was held that a contract which called for payments to be made by the defendant at a certain specified address or at any other point in Texas at the option of the plaintiff failed to establish venue in any particular county under art. 1995(5). *Hibbler* is inapplicable in this case. The contract in this case established the duty to make payments at a single specified Hood County address. While the contract called for payments to be made at that address "unless otherwise specified", no other place is in fact ever specified as a place for payment. The inescapable conclusion from the language is that Pipeline's performance was to be in Hood County. Pipeline's fifth point of error is overruled.

The order overruling the plea of privilege is affirmed.