WTFO, INC., Appellant,

v.

Garlan BRAITHWAITE, Appellee.

No. 05–94–00639–CV.

Court of Appeals of Texas,
Dallas.

March 29, 1995.

cies remaining after nonjudicial foreclosure sales of two pieces of real property resulting from the default on two promissory notes. In two points of error, appellant contends that the trial court erred in transferring venue and in granting summary judgment. We overrule the points and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 1987, appellee, along with Judy Poort and Robert Mayr, executed two promissory notes, each for approximately $96,500. The notes were payable to Forestwood National Bank (Forestwood), as holder, in Dallas County or "at such other place as holder may designate in writing." Each note was secured by a deed of trust covering different real property. An Assignment of Rents and Leases was also executed.

On July 5, 1990, the FDIC, acting as conservator and receiver for Forestwood, sent two demand letters to appellee at a "Hurst Address" to formally notify him of the maturity and default on each note. One of the letters was returned, "Attempted, Not Known." On July 24, 1990, the FDIC sent appellee another letter notifying him that it now had his current address at the "Brookridge Address." Enclosed in that letter were the July 5 demand letters.

On January 3, 1991, the FDIC sent appellee a letter indicating that the real estate securing one of his loans had been sold at public auction on January 1, 1991, for $63,600 and that appellee owed the deficiency on the loan. On July 17, 1991, the FDIC sent him another letter stating that the real estate securing both loans had been foreclosed upon and that he owed the remaining balances of $41,011.47 and $46,940.42. Both pieces of property were later sold by the FDIC to third parties.

On April 21, 1993, appellant notified appellee that it had been assigned the promissory notes[2] and that it sought the deficiencies.

Jeffrey A. Lehmann, Lehmann & Associates, Houston, for appellant.

Ernest E. Figari, Jr., Thomas A. Graves, Michael G. Brown, Figari & Davenport, L.L.P., Dallas, for appellee.

Before LAGARDE, WHITTINGTON and STEWART,[1] JJ.

## OPINION

LAGARDE, Justice.

Appellant WTFO, Inc. appeals a summary judgment granted in favor of appellee Garlan Braithwaite in its suit to collect the deficien-

---

1. The Honorable Annette Stewart, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

2. Appellee raises some question as to whether appellant is actually the holder and owner of the promissory notes. However, for purposes of this

Two days later, appellant filed suit in Harris County against appellee and Poort seeking the deficiencies.

Appellee filed an answer, a motion to transfer venue, and counterclaims against appellant. Appellee requested a venue hearing; the parties were notified that the hearing was set for August 2, 1993. Appellant requested thirty days to respond and forty-five days' notice of the hearing as required by the Texas Rules of Civil Procedure. TEX. R.CIV.P. 87. The trial court rescheduled the hearing for August 26, 1993. Appellant timely filed a response. On August 23, 1993, appellant received a call that the hearing had been moved to August 24, 1993. Appellant neither objected nor requested a continuance. After a hearing the next day, the trial court severed the action as to appellee and granted his motion to transfer venue to Dallas County.

In January 1994, appellee filed a motion for summary judgment based on three grounds: (1) the failure to provide written notice of the foreclosure sales pursuant to the Deeds of Trust and section 51.002 of the Texas Property Code;[3] (2) lack of evidence to establish the fair market value of the foreclosed property; and (3) appellee's release from personal liability. On March 4, 1994, appellant filed its response to appellee's motion, incorporating by reference the affidavit of Jerald W. Rosen (Rosen affidavit) and numerous exhibits. The Rosen affidavit and the exhibits, however, were not filed until March 7, 1994.

On March 11, 1994, the trial court granted summary judgment. Later that day, appellee nonsuited his counterclaims against appellant, making the summary judgment final.

## TRANSFER OF VENUE

In its first point of error, appellant contends that the Harris County trial court reversibly erred in sustaining appellee's motion transferring venue to Dallas County. Appellant argues that (1) it did not receive forty-five days' notice of the hearing, (2) venue was proper in Harris County under a permissive

venue statute, and (3) a general appearance by one co-defendant makes venue proper as to all defendants. Appellant also argues that the trial court erred in granting a severance to appellee.

■ Appellant's point of error is duplicitous because it attacks two distinct and separate rulings of the trial court, namely, venue and severance. TEX.R.APP.P. 74(d); *Clancy v. Zale Corp.*, 705 S.W.2d 820, 823 (Tex. App.—Dallas 1986, writ ref'd n.r.e.). This Court may disregard any point of error that is duplicitous; however, in the interest of justice, we will address each of appellant's arguments.

### Burden of Proof

■ When a motion to transfer venue is filed, the initial burden of proof that venue is maintainable in the county of suit is on the plaintiff. TEX.R.CIV.P. 87(2)(a). If the defendant specifically denies the venue facts, the plaintiff must support his pleadings by prima facie proof of the venue facts. TEX. R.CIV.P. 87(3)(a). If the plaintiff meets that burden, the trial court must maintain the lawsuit in the county in which it was filed unless a mandatory provision applies. TEX. R.CIV.P. 87(3)(c). If the plaintiff fails in his burden, the defendant has the burden of showing that venue is maintainable in the county in which the transfer is sought under either a general, permissive, or mandatory venue rule. *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 15.001–.040 (Vernon 1986); TEX. R.CIV.P. 87(2)(a). If the defendant succeeds in that showing, the cause will be transferred to the appropriate county. TEX.R.CIV.P. 87(2)(a).

### Standard of Review

■ As an appellate court, we are obligated to conduct an independent review of the entire record to determine whether venue is proper in the ultimate county of suit. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.064(b) (Vernon 1986); *Wilson v. Texas Parks & Wildlife Dept.*, 886 S.W.2d 259, 261 (Tex.1994); *Ruiz v. Conoco, Inc.*, 868 S.W.2d

---

appeal, we assume, without deciding, that appellant is the holder.

**3.** TEX.PROP.CODE ANN. § 51.002 (Vernon Supp. 1995).

752, 757–58 (Tex.1993). We view evidence adduced after the issue of venue was decided by the trial court to determine if this evidence "destroys the prima facie proof on which the trial court relied." *Ruiz,* 868 S.W.2d at 757. If, within the entire record, there is probative evidence to support the trial court's determination, we defer to the trial court's ruling. *Wilson,* 886 S.W.2d at 262; *Ruiz,* 868 S.W.2d at 758. If there is no supporting evidence, the judgment must be reversed and the cause remanded to the trial court. *Ruiz,* 868 S.W.2d at 758. The purpose of reviewing the entire record is to strike a balance between preserving the plaintiff's right to select and maintain suit in a county of proper venue and protecting the defendant against "fraud or inaccuracy at the pleading stage." *Wilson,* 886 S.W.2d at 262.

### Notice of Hearing

Appellant claims that the trial court failed to give the forty-five days' notice required by rule 87(1) of the Texas Rules of Civil Procedure. *See* TEX.R.CIV.P. 87(1). When the venue hearing was originally scheduled for August 2, 1993, appellant requested the trial court to give it forty-five days' notice. The trial court complied, moving the date to August 26, 1993. Appellant now argues that the court's later moving the date of the hearing two days earlier to August 24 erroneously deprived it of the full forty-five days' notice.

■ The trial court's order states that appellant lodged the same objections as it filed in its responsive pleadings. These pleadings contained no specific lack of notice objection. The trial court also stated that it was transferring venue over appellant's objection. Because appellant provided no statement of facts from the venue hearing, we are unable to determine appellant's specific objection. *See* TEX.R.APP.P. 53(a); *Flores v. Arrieta,* 790 S.W.2d 75, 76 (Tex.App.—San Antonio 1990, writ denied) (appellant must bring forth sufficient record to demonstrate error). A review of the record before us shows that appellant specifically objected to the lack of notice in its motion to vacate, which was filed over two months after the trial court signed the transfer order. Appellant's failure to timely and specifically object to the lack of notice or request a motion for continuance waives error. TEX.R.APP.P. 52(a); *Gonzalez v. Nielson,* 770 S.W.2d 99, 101 (Tex.App.—Corpus Christi 1989, writ denied). Accordingly, we conclude that there is no evidence in the record that appellant objected or requested a motion for continuance, either after it received notice that the hearing was scheduled for an earlier date or during the hearing. Error is not preserved.

### Section 15.035(a)

Appellant argues that it offered prima facie evidence that venue was proper in Harris County pursuant to section 15.035(a) of the Texas Civil Practice and Remedies Code. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.035(a) (Vernon 1986) (permissive venue provision). Appellant claims that the notes provided for payment at the holder's address in Dallas County or "at such other county that holder may designate in writing." Appellant argues that to comply with this language it gave formal written notice in a letter to appellee that the place of payment was changed to Harris County. Appellant claims that this letter is valid venue proof that it comported with the terms of the contract under section 15.035(a).

■ Prima facie proof is made when the venue facts are properly pleaded and an affidavit and any duly proved attachments to the affidavit fully and specifically setting forth the facts supporting such pleading are filed. TEX.R.CIV.P. 87(3)(a); *Kansas City S. Ry. Co. v. Carter,* 778 S.W.2d 911, 914–15 (Tex. App.—Texarkana 1989, writ denied). Affidavits shall be made on personal knowledge, shall set forth specific facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify. TEX.R.CIV.P. 87(3)(a).

■ Appellant's sole prima facie proof that venue was proper in Harris County consisted of the letter sent to appellee two days before suit was filed. Appellant's letter is not an affidavit pursuant to rule 87(3)(a). *See* TEX.R.CIV.P. 87(3)(a). Accordingly, we conclude that appellant failed to make prima

facie proof of the venue facts necessary to maintain venue in Harris County.

▮▮▮ Assuming, arguendo, that appellant affirmatively proved its venue facts, its argument that the letter expressly designated the county of proper venue pursuant to section 15.035 is without merit. Section 15.035(a) provides for two locations where venue may be proper in a suit on a written contract to perform an obligation in a particular county: (1) where the contract expressly names the county or a definite place in that county or (2) in the county where the defendant is domiciled. TEX.CIV.PRAC. & REM. CODE ANN. § 15.035(a) (Vernon 1986). Although appellant relies on the first location for maintaining venue in Harris County, this exception applies only in a case where the defendant agreed *at the time he executed the instrument* to perform his obligation in a particular place other than his place of residence. *Hibbler v. Walker*, 598 S.W.2d 19, 20 (Tex.Civ.App.—Texarkana 1980, no writ) (citing section 5 of article 1995, the former venue statute); *see also Texas Workers' Compensation Assigned Risk Pool v. Perry–Packard Co.*, 643 S.W.2d 202, 203 (Tex. App.—Austin 1982, no writ). The place of performance for payment of a contract must be named specifically at the time the instrument was executed to avoid the loss of venue under section 15.035(a). *Hibbler*, 598 S.W.2d at 20. The ability to redesignate in writing the place of performance at some time in the future by appellant or any holder of the indebtedness makes the place of payment uncertain. *Id.* Otherwise, leaving open a contract's term of place of performance at the time of execution of the contract allows the appellant, as the holder, at some future time to determine venue at its own will and pleasure. *Id.; Yell v. Prock*, 238 S.W.2d 238, 239 (Tex.Civ.App.—Fort Worth 1951, writ dism'd). Accordingly, we conclude that such a unilateral designation by appellant does not establish prima facie proof that venue was proper in Harris County under section 15.035(a).

## Section 15.061

Appellant also contends that venue was proper under section 15.061 of the Texas Civil Practice Remedies and Code, which provides that where the court has venue of an action against any one defendant, the court has venue as to all defendants. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.061 (Vernon 1986) (multiple defendants). Appellant argues that because co-defendant Poort filed an answer in Harris County without filing a motion to transfer venue, she waived her right to challenge venue; therefore, venue was proper in Harris County as to Poort and, thus, to appellee. We disagree.

▮▮▮ The matter of venue is a personal privilege which may be waived by any party to a lawsuit. *Grozier v. L–B Sprinkler & Plumbing Repair*, 744 S.W.2d 306, 308 (Tex. App.—Fort Worth 1988, writ denied). Because venue may be proper in numerous counties, the plaintiff is given the first choice in the filing of a lawsuit. *Wilson*, 886 S.W.2d at 260. If a plaintiff files suit in an *improper* county, he waives his first choice of venue and the defendant may have the suit transferred to another county, as long as venue is proper in that county. *Maranatha Temple, Inc. v. Enterprise Prods. Co.*, 833 S.W.2d 736, 741 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *Tieuel v. Southern Pac. Transp. Co.*, 654 S.W.2d 771, 775 (Tex.App.—Houston [14th Dist.] 1983, no writ). A defendant may also waive venue by failing to object by written motion prior to or concurrently with his first responsive pleading, except by special appearance. TEX.CIV.PRAC. & REM.CODE ANN. § 15.063 (Vernon 1986); TEX. R.CIV.P. 86; *see also Grozier*, 744 S.W.2d at 310 (listing numerous ways for a defendant to waive venue).

Under the current version of section 15.061, we have found no Texas case addressing the effect of one defendant's waiver of venue upon another defendant's right to challenge venue. Appellee argues, and we agree, that this Court should look for guidance in caselaw interpreting the prior venue statute.

Prior to September 1, 1983, the state's venue statute, article 1995, consisted of one general rule[4] and thirty-four exceptions.

---

4. The general rule stated, "No person who is an inhabitant of this State shall be sued out of the

Dan R. Price, *New Texas Venue Statute: Legislative Seminar,* 15 ST. MARY'S L.J. 855, 857–58 (1984). One exception, subdivision 29a, allowed a plaintiff to join all defendants who were necessary parties in a single lawsuit if venue could be maintained against any one of those defendants. *See* Act of June 7, 1927, 40th Leg., 1st C.S., ch. 72, § 2, 1927 Tex.Gen.Laws 197, 197.[5] Subdivision 29a was always considered with another exception in article 1995 because 29a dealt only with suits against nonresident defendants. *See Gray,* 125 S.W.2d at 286; *Schulz v. Schulz,* 478 S.W.2d 239, 243–44 (Tex.Civ. App.—Dallas 1972, no writ). In other words, the plaintiff was required to prove facts showing proper venue against one defendant before subdivision 29a's joinder provision would be applicable against the other defendants. *Gray,* 125 S.W.2d at 286. The fact that one defendant waived venue did not confer venue in the original county of suit under subdivision 29a when another defendant protested it. *See Stanford v. Dairy Queen Prods.,* 623 S.W.2d 797, 804 (Tex.Civ. App.—Austin 1981, writ ref'd n.r.e.); *Kott v. Faircloth,* 350 S.W.2d 668, 669 (Tex.Civ. App.—Beaumont 1961, no writ).

The passage of the 1983 Act was the first attempt to improve and clarify the venue rules.[6] The newest version of the joinder rule is section 15.061 of the Texas Civil Practice and Remedies Code. Section 15.061 provides:

When two or more parties are joined as defendants in the same action or two or more claims or causes of action are properly joined in one action and the court has venue of an action or claim against any one defendant, the court also has venue of all claims or actions against all defendants unless one or more claims or causes of action is governed by one of the provisions of Subchapter B requiring transfer of the claim or cause of action, on proper objection, to the mandatory county.

TEX.CIV.PRAC. & REM.CODE ANN. § 15.061 (Vernon 1986). Appellant urges this Court to construe section 15.061 as allowing a plaintiff who has established venue over one defendant by waiver to maintain venue over all defendants under section 15.061.

 Basic rules of statutory construction provide guidance in determining the meaning of section 15.061. *Volunteer Council of Denton State Sch., Inc. v. Berry,* 795 S.W.2d 230, 239–40 (Tex.App.—Dallas 1990, writ denied). The dominant and fundamental aim of statutory construction is to give effect to the legislative intent. *Id.* at 240. Legislative intent must be ascertained from the entire act and not from isolated portions. *Calvert v. Texas Pipe Line Co.,* 517 S.W.2d 777, 781 (Tex.1974). When a statute is amended, the entire statute must be construed to be harmonious, all sections mutually acting upon each other. *Berry,* 795 S.W.2d at 240. When the venue statute is read in its entirety, it becomes clear that the

---

county in which he has his domicile except in the following cases." *See Pioneer Bldg. & Loan Ass'n v. Gray,* 132 Tex. 509, 125 S.W.2d 284, 286 (1939).

5. Section 29a provided:
 Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintainable in such county against any and all necessary parties thereto.
 Act of June 7, 1927, 40th Leg., 1st C.S., ch. 72, § 2, 1927 Tex.Gen.Laws 197, 197, *amended by* Act of May 28, 1983, 68th Leg., R.S., ch. 385, § 4, 1983 Tex.Gen.Laws 2119, 2123–124, *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 9(1), 1985 Tex.Gen.Laws 3242, 3322 (current version at TEX.CIV.PRAC. & REM.CODE ANN. § 15.061 (Vernon 1986)).

6. The legislature replaced subdivision 29a with section 4(a) in article 1995. Section 4(a) provided:

 When two or more parties are joined as defendants in the same action and/or two or more claims or causes of action are properly joined in one action and the court has venue of an action or claim against any one defendant, the court has venue of all claims or actions against all defendants unless one or more claims or causes of action is governed by one of the provisions of Section 2 of this article requiring transfer of such claim or cause of action, upon proper objection, to the mandatory county.
 Act of May 28, 1983, 68th Leg., R.S., ch. 385, § 4, 1983 Tex.Gen.Laws 2119, 2123–124, *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 9(1), 1985 Tex.Gen.Laws 3242, 3322 (current version at TEX.CIV.PRAC. & REM.CODE ANN. § 15.061 (Vernon 1986)).

joinder rule is predicated on the mandatory and permissive provisions of prior subchapters. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.001 (Vernon 1986) (Unless subchapters A, B, or C apply, venue is where a cause of action accrues or where a defendant resides.); *Burlington N. R.R. Co. v. Harvey*, 717 S.W.2d 371, 376 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The joinder rule is not an *independent* basis for establishing the propriety of venue. *See* TEX. CIV.PRAC. & REM.CODE ANN. § 15.001 (Vernon 1986).

Furthermore, when the legislature amends a rule, the courts presume that the lawmakers knew of the decisions construing the former versions. *Berry*, 795 S.W.2d at 239–40. We presume the legislature knew about the caselaw preventing a plaintiff from establishing venue as to one defendant without proving that another venue provision was applicable. *See Berry*, 795 S.W.2d at 240. Courts are responsible for giving a true and fair interpretation of the statutes as written, which means an interpretation that is not forced or strained but one that the ordinary meaning of the words of the statute will fairly sanction and clearly sustain. *Railroad Comm'n v. Miller*, 434 S.W.2d 670, 672 (Tex. 1968); *Schulz*, 478 S.W.2d at 242. If such a significant oversight was made, it is for the legislature to acknowledge and set right by amendment. Accordingly, we hold that the waiver of venue by one defendant does not prevent another defendant from appropriately challenging venue by filing a motion to transfer.

Based on the facts of this case, appellant has failed to plead and prove that a permissive or mandatory venue provision other than section 15.061 is applicable to Poort. Accordingly, we conclude that appellant failed to prove that venue was proper in Harris County as to appellee.

Nevertheless, appellee has the burden to show that venue was maintainable in the county to which transfer was sought. TEX.R.CIV.P. 87(2)(a); *Kimmell v. Leoffler*, 791 S.W.2d 648, 653 (Tex.App.—San Antonio 1990, writ denied). Appellee sustained this burden by properly pleading venue facts supporting venue in Dallas County, and by filing an affidavit specifically stating that both defendants are residents of Dallas County. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.035(a) (Vernon 1986) (Venue is proper in county where defendant is domiciled.); TEX.R.CIV.P. 87(3)(a). Accordingly, after reviewing the entire record, we conclude that the Harris County court properly determined that venue should be transferred to Dallas County. *See* TEX.R.CIV.P. 87(3)(b).

## Severance

Appellant also argues that the trial court reversibly erred in severing appellee's action. Appellant argues that the trial court's severance was improper because (1) the suit, seeking joint and several liability, involves a single cause of action and (2) its action against appellee was interwoven with its claim against Poort.

The trial court's order states that it granted the severance over appellant's objection. However, there is no statement of facts setting out appellant's objection and, thus, appellant failed to preserve error. *See* TEX. R.APP.P. 52(a), 53(a). Although appellant waived error, we will, in the interest of justice, address the merits of its claim.

Where a cause of action is against several defendants jointly and severally, the trial court shall transfer the action as to those defendants whose motions are sustained. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.063 (Vernon 1986); TEX.R.CIV.P. 89 (procedure for transferring venue if motion is sustained); *Tunstill v. Scott*, 138 Tex. 425, 160 S.W.2d 65, 69 (1942). Comakers on a note are jointly and severally liable. *See Clark v. Dedina*, 658 S.W.2d 293, 298 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd); *Swinford v. Allied Fin. Co.*, 424 S.W.2d 298, 302 (Tex.Civ.App.—Dallas, writ dism'd), *cert. denied*, 393 U.S. 923, 89 S.Ct. 253, 21 L.Ed.2d 259 (1968). Accordingly, because venue was proper in Dallas County, the trial court did not abuse its discretion in severing appellee's cause of action and transferring it to Dallas County. *See* TEX.CIV.PRAC. & REM. CODE ANN. § 15.063 (Vernon 1986); TEX. R.CIV.P. 89; *see also Morgan v. Compu-*

*graphic Corp.,* 675 S.W.2d 729, 734 (Tex. 1984). We overrule appellant's first point of error.

## SUMMARY JUDGMENT

In its second point of error, appellant contends that the trial court reversibly erred in granting summary judgment in favor of appellee. Appellant argues that the Rosen affidavit and numerous attached exhibits prove that appellee received notice of the foreclosure sales.

### Standard of Review

The function of a summary judgment is not to deprive a litigant of its right to a full hearing on the merits of any real issue of fact but is to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). The standards for reviewing a motion for summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex. 1984); *Wilcox v. St. Mary's Univ.,* 531 S.W.2d 589, 592–93 (Tex.1975). The purpose of the summary judgment rule is not to provide either a trial by deposition or a trial by affidavit but to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of material fact remains. *Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962).

When the defendant is the movant, summary judgment is proper only if the plaintiff cannot, as a matter of law, succeed upon any theory pleaded. *Peirce v. Sheldon*

*Petroleum Co.,* 589 S.W.2d 849, 852 (Tex.Civ. App.—Amarillo 1979, no writ). Thus, the defendant need only negate one element of each cause of action raised by the plaintiff to obtain summary judgment. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the nonmovant to produce controverting evidence raising a fact issue. *Torres v. Western Cas. & Sur. Co.,* 457 S.W.2d 50, 52 (Tex.1970); *Owen Elec. Supply, Inc. v. Brite Day Constr. Inc.,* 821 S.W.2d 283, 286 (Tex.App.—Houston [1st Dist.] 1991, writ denied). An appeals court should not consider evidence that favors the movant's position unless it is uncontroverted. *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965).

A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Waddy v. City of Houston,* 834 S.W.2d 97, 101 (Tex. App.—Houston [1st Dist.] 1992, writ denied). When the order granting summary judgment does not specify the particular grounds the trial court sustained, on appeal, the summary judgment opponent must defeat each summary judgment ground urged by the movant. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989). Otherwise, an appellate court must uphold the summary judgment on any ground that finds support. *Id.*

### Notice of Foreclosure

The summary judgment order in this case does not state the grounds upon which it was granted. Therefore, if appellee proves as a matter of law lack of prior notice of the foreclosure sales, the summary judgment must be affirmed. *See Carr,* 776 S.W.2d at 569.

Before a holder of a debt is entitled to a judgment for a deficiency remaining from a note, it must prove that a valid foreclosure sale was conducted. *See* TEX.PROP. CODE ANN. § 51.002 (Vernon Supp.1995); *Thompson v. Chrysler First Bus. Credit Corp.,* 840 S.W.2d 25, 28 (Tex.App.—Dallas 1992, no writ). One requirement that must

be established is that notice of the sale was sent to the debtor prior to the foreclosure pursuant to section 51.002(b)(3) of the Texas Property Code. *See* TEX.PROP.CODE ANN. § 51.002(b)(3) (Vernon Supp.1995).[7] Under section 51.002(e), service of notice is complete when the notice is deposited in the United States mail, postage prepaid, and addressed to the debtor's last known address as shown by the records of the holder of the debt. TEX.PROP.CODE ANN. § 51.002(e) (Vernon Supp.1995). The general purpose of the statute is to provide a minimum level of protection for the debtor, and it provides for only constructive notice of the foreclosure. *Onwuteaka v. Cohen*, 846 S.W.2d 889, 892 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *Hausmann v. Texas Sav. & Loan Ass'n*, 585 S.W.2d 796, 799 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.). A violation of the statute is established when it is shown that the holder of the debt (1) had in its records the most recent address of the debtor, and (2) failed to mail the notice by certified mail to that address. *Onwuteaka*, 846 S.W.2d at 892.

■ As the movant, appellee had to conclusively establish that the FDIC failed to comply with these two notice requirements. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). To prove that the FDIC had his most recent address, appellee filed his own affidavit, part of his deposition testimony, an Assignment of Rents and Leases document, and letters from the FDIC. The affidavit states that appellee had three different addresses: (1) his home residence at the Brookridge address, (2) his office address from June 1986 to January 1990 at the Love Field Building, and (3) another office address from June 1990 to May 1993 on LBJ Freeway. Appellee stated that he had never lived, worked, or

had an office at the Hurst address. His deposition also stated that since the early seventies he had resided at the Brookridge address. The Assignment of Rents and Leases document executed in May 1987 stated that appellee's address was at the Brookridge address. In its letter dated July 24, 1990, the FDIC recognized it had the wrong address in its file and corrected its files to reflect the Brookridge address. Accordingly, the FDIC acknowledged that it had appellee's most current address on file as of July 24, 1990, before the foreclosure sales took place on January 1, 1991.

To prove that no notice was sent to his most recent address, appellee stated in his affidavit that he never had actual notice or received written notice by certified mail from the FDIC of the foreclosure sales on the two pieces of real property at either the Brookridge, Love Field, or LBJ address. A review of the record reveals that the only letters sent by the FDIC before the foreclosure sales were the demand letters stating that appellee had defaulted on the loans. No evidence is apparent in the record that the FDIC sent proper notice of the foreclosure sales. Appellee received notice of the foreclosure sales after the two pieces of real property had been sold. Accordingly, appellee has conclusively established that he never received prior notice of the foreclosure sales from the FDIC.

As the nonmovant, appellant must produce controverting evidence raising a fact issue as to notice. *See Owen Elec. Supply*, 821 S.W.2d at 286. Appellant's sole summary judgment proof consists of the Rosen affidavit and the exhibits attached to it. Although appellant's response was timely filed, appellant did not file the Rosen affidavit and attached exhibits until four days before the summary judgment hearing on March 11,

---

7. Section 51.002 provides:
 (b) Notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of sale:
 (1) by posting at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold;
 (2) by filing in the office of the county clerk of each county in which the property is lo-

cated a copy of the notice posted under Subdivision (1); and
(3) by the holder of the debt to which the power of sale is related serving written notice of the sale by certified mail on each debtor who, according to the records of the holder of the debt, is obligated to pay the debt.
TEX.PROP.CODE ANN. § 51.002(b) (Vernon Supp. 1995).

1994. There is no indication in the record that appellant obtained leave from the trial court to file the summary judgment evidence.

■ The burden is on the nonmovant to file its response and evidence at least seven days before the summary judgment hearing, unless the nonmovant gets permission to file it later. Tex.R.Civ.P. 166a(c). If the court allows the late filing of evidence, the court must affirmatively indicate in the record acceptance of the late filing. *Goswami v. Metropolitan Sav. & Loan Ass'n,* 751 S.W.2d 487, 490 n. 1 (Tex.1988); *Brown v. Prairie View A & M Univ.,* 630 S.W.2d 405, 411 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). In the absence of such indication, we must presume that the trial court did not consider this evidence in rendering summary judgment for appellee. *See INA v. Bryant,* 686 S.W.2d 614, 615 (Tex.1985); *Evans v. Conlee,* 741 S.W.2d 504, 510 (Tex.App.—Corpus Christi 1987, no writ) (op. on reh'g). A trial court need only consider the record as it properly appears before it when the motion for summary judgment is heard. *Evans,* 741 S.W.2d at 510. Accordingly, because appellant's evidence was not timely filed and nothing appears in the record to indicate the late filing was with leave of court, we presume that the trial court did not consider the Rosen affidavit and the exhibits attached thereto in rendering summary judgment for appellee.

Nevertheless, appellant argues that material issues of fact exist on the issue of notice by stating that (1) notice to an alleged partnership would be notice to appellee, (2) appellee had actual notice of the foreclosure sales, (3) appellee waived notice of the sales in the promissory notes and security documents, and (4) appellee is bound by a presumption of written notice established in the deeds of trust. Each of appellant's arguments relies on evidence that was not properly before the trial court. *See* Tex.R.Civ.P. 166a(c); *Evans,* 741 S.W.2d at 510. Accordingly, appellant has provided no controverting evidence to raise a fact issue as to notice.

■ On appeal, appellant attacks appellee's affidavit as being self-serving because appellee is an interested witness. Appellant did not object in the trial court to the affidavit. Appellant cannot object to appellee's affidavit for the first time on appeal. Tex.R.Civ.P. 166a(c), (f); *Waddy,* 834 S.W.2d at 101; *Galvan v. Public Utils. Bd.,* 778 S.W.2d 580, 583 (Tex.App.—Corpus Christi 1988, no writ); *Walkoviak v. Hilton Hotels Corp.,* 580 S.W.2d 623, 626–27 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.).

■ Furthermore, a trial court may properly grant summary judgment on uncontroverted testimonial evidence of an interested witness if the evidence is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. Tex.R.Civ.P. 166a(c); *Casso v. Brand,* 776 S.W.2d 551, 558 (Tex.1989). Appellee's affidavit comports with the requirements of rule 166a(c). Accordingly, appellee's uncontroverted affidavit will support a summary judgment without a controverting affidavit or an attempt by appellant to avail itself of the opportunity to seek a delay to secure affidavits or take depositions controverting the facts stated by the interested witness. Tex.R.Civ.P. 166a(g); *Longoria v. Texaco, Inc.,* 649 S.W.2d 332, 335–36 (Tex.App.—Corpus Christi 1983, no writ). This Court is entitled to consider evidence that favors the movant's position when that evidence is uncontroverted. *See Great Am. Reserve,* 391 S.W.2d at 47.

Because the uncontroverted summary judgment evidence establishes as a matter of law that appellant's predecessor failed to give appellee notice of the foreclosure sales, we hold that the trial court properly granted summary judgment for appellee. Appellant's second point of error is overruled. The trial court's judgment is affirmed.