COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-175-CV
  
  
MICHAEL 
D. COX                                                                  APPELLANT
  
V.
  
MELVIN 
PRINCE                                                                       APPELLEE
  
------------
 
FROM 
THE 141ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
is an appeal from a suit to enforce a money judgment. Appellant Michael D. Cox 
(“Cox”) obtained a money judgment against Prince Homes, Inc. (“PHI”) for 
violations of the Texas Deceptive Trade Practices Act; however, PHI never paid 
the judgment.[2]  Cox subsequently filed suit to 
enforce the judgment against Melvin Prince (“Prince”), the sole shareholder 
of PHI. Cox’s suit proceeded to a bench trial where Cox represented himself, 
Prince represented himself, and the only two witnesses were Cox and Prince. 
Following the bench trial, the trial court dismissed with prejudice Cox’s suit 
to enforce his judgment. Cox filed this appeal and raises three issues: (1) 
whether the trial court erred in refusing to enforce its own order to compel 
production by denying Cox’s Second Motion to Compel Production and for 
Sanctions; (2) whether Prince disregarded the corporate entity of his 
solely-owned corporation; and (3) whether Prince stole, misappropriated, or 
converted property belonging to Cox by reselling duplexes that Cox had paid for 
in full. We will affirm.
        We 
have thoroughly reviewed Cox’s pro se brief.[3]  
Even giving a liberal construction to the arguments and authorities presented 
therein, Cox does not raise any issue challenging the propriety of the trial 
court’s dismissal of his case. See Tex. R. App. P. 38.9 (regarding briefing 
rules to be liberally construed); see also Ab-Tex Beverage Corp. v. Angelo 
State Univ., 96 S.W.3d 683, 685 nn.1-2 (Tex. App.—Austin 2003, no pet.) 
(holding that when appellant does not challenge propriety of dismissal of its 
declaratory judgment, appellate court need not address the issue). Consequently, 
Cox has not presented any issue which, if sustained, would entitle him to a 
reversal of the dismissal order.
        Moreover, 
Cox concedes that no documentary evidence was actually offered or admitted 
during the bench trial. The reporter’s record includes a supplemental record 
containing twenty-one exhibits, but the reporter’s notation at the front of 
the supplemental volume states, “Exhibits not offered or admitted, but 
requested included in record.”[4]  Cox relies 
heavily upon these unadmitted exhibits throughout his brief. The court 
reporter’s transcription of the bench trial indicates that a few of the 
exhibits were referenced during the bench trial and apparently reviewed by the 
trial court during trial. Most of the exhibits, however, were not mentioned at 
trial, and a few exhibits that were mentioned do not appear to be contained in 
the supplemental record filed by the court reporter.
        A 
trial judge is presumed to consider only the testimony and exhibits properly in 
evidence. Walton v. Canon, Short & Gaston, 23 S.W.3d 143, 151-52 
(Tex. App.—El Paso 2000, no pet.); WTFO, Inc. v. Braithwaite, 899 
S.W.2d 709, 721 (Tex. App.—Dallas 1995, no writ); City of Corpus Christi v. 
Krause, 584 S.W.2d 325, 330 (Tex. Civ. App.—Corpus Christi 1979, no writ). 
When reviewing the merits of the trial court's decision, we are limited to 
considering the material that was before the court at the time that it ruled. Methodist 
Hosps. of Dallas v. Tall, 972 S.W.2d 894, 898 (Tex. App.—Corpus Christi 
1998, no pet.). As a general rule, documents not admitted into evidence are not 
considered by an appellate court. See Reyes v. Reyes, 946 S.W.2d 627, 630 
(Tex. App.—Waco 1997, no writ); see also Davis v. Davis, 521 S.W.2d 
952, 954-55 (Tex. Civ. App.—Fort Worth 1975, no writ).
        Here, 
because no exhibits were offered or admitted at trial, we presume that the trial 
court did not consider any of the twenty-one exhibits. To the extent that the 
trial court may have considered some of these exhibits, we cannot tell which 
ones were considered. See WTFO, Inc., 899 S.W.2d at 721. Moreover, we 
cannot tell whether the twenty-one exhibits before us constitute the entirety of 
the materials reviewed by the trial court, or whether some of the twenty-one 
exhibits were not before the trial court at all. Consequently, Cox has failed to 
establish a right to relief in this appeal.
        Because 
Cox has raised no issues that would entitle him to reversal and because the 
exhibits relied upon by Cox to support his issues were not offered or introduced 
into evidence, we overrule Cox’s first, second, and third issues and affirm 
the trial court’s order of dismissal with prejudice.
 
  
                                                          SUE 
WALKER
                                                          JUSTICE
   
   
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED: 
November 20, 2003
 

 
NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
According to testimony at trial, PHI ceased to exist in February or March 2000, 
and its corporate status was revoked in October 2000. Therefore, PHI was 
dissolved before the default judgment in favor of Cox was signed on April 6, 
2001. See generally Anderson v. Hodge Boats & Motors, Inc., 814 
S.W.2d 894, 896 (Tex. App.—Beaumont 1991, writ denied) (holding under Texas 
law, no cause of action exists against a dissolved corporation).
3. 
Prince filed a pro se brief also.
4. 
The parties have not complied with Texas Rules of Appellate Procedure 34.2 or 
34.3. Tex. R. App. P. 34.2, 34.3.