Michael D. Cox v. Melvin Prince

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-175-CV

MICHAEL D. COX APPELLANT

V.

MELVIN PRINCE APPELLEE

------------

FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from a suit to enforce a money judgment.  Appellant Michael D. Cox (“Cox”) 
obtained a money judgment against Prince Homes, Inc. (“PHI”) for violations of the Texas Deceptive Trade Practices Act; however, PHI never paid the judgment.
(footnote: 2)  Cox subsequently filed suit to enforce the judgment against Melvin Prince (“Prince”), the sole shareholder of PHI.  Cox’s suit proceeded to a bench trial where Cox represented himself, Prince represented himself, and the only two witnesses were Cox and Prince.  Following the bench trial, the trial court dismissed with prejudice Cox’s suit to enforce his judgment. Cox filed this appeal and raises three issues:  (1) whether the trial court erred in refusing to enforce its own order to compel production by denying Cox’s Second Motion to Compel Production and for Sanctions; (2) whether Prince disregarded the corporate entity of his solely-owned corporation
; and (3) whether Prince stole, misappropriated, or converted property belonging to Cox by reselling duplexes that Cox had paid for in full
.  We will affirm.

We have thoroughly reviewed Cox’s pro se brief.
(footnote: 3)  Even giving a liberal construction to the arguments and authorities presented therein, Cox does not raise any issue challenging the propriety of the trial court’s dismissal of his case.  
See
 
Tex. R. App. P.
 38.9 (regarding briefing rules to be liberally construed);
 see also Ab-Tex Beverage Corp. v. Angelo State Univ.
, 96 S.W.3d 683, 685 nn.1-2 (Tex. App.—Austin 2003, no pet.) (holding that when appellant does not challenge propriety of dismissal of its declaratory judgment, appellate court need not address the issue).  Consequently, Cox has not presented any issue which, if sustained, would entitle him to a reversal of the dismissal order.

Moreover, Cox concedes that no documentary evidence was actually offered or admitted during the bench trial.  The reporter’s record includes a supplemental record containing twenty-one exhibits, but the reporter’s notation at the front of the supplemental volume states, “Exhibits not offered or admitted, but requested included in record.”
(footnote: 4)  Cox relies heavily upon these unadmitted exhibits throughout his brief.  
The court reporter’s transcription of the bench trial indicates that a few of the exhibits were referenced during the bench trial and apparently reviewed by the trial court during trial.  Most of the exhibits, however, were not mentioned at trial, and a few exhibits that were mentioned do not appear to be contained in the supplemental record filed by the court reporter.

A trial judge is presumed to consider only the testimony and exhibits properly in evidence.  
Walton v. Canon, Short & Gaston, 
23 S.W.3d 143, 151-52 (Tex. App.—El Paso 2000, no pet.); 
WTFO, Inc. v. Braithwaite
, 899 S.W.2d 709, 721 (Tex. App.—Dallas 1995, no writ); 
City of Corpus Christi v. Krause
, 584 S.W.2d 325, 330 (Tex. Civ. App.—Corpus Christi 1979, no writ).
  When reviewing the merits of the trial court's decision, we are limited to considering the material that was before the court at the time that it ruled.  
Methodist Hosps. of Dallas v. Tall
, 972 S.W.2d 894, 898 (Tex. App.—Corpus Christi 1998, no pet.).  As a general rule, documents not admitted into evidence are not considered by an appellate court
.  See Reyes v. Reyes
, 946 S.W.2d 627, 630 (Tex. App.—Waco 1997, no writ); 
see also Davis v. Davis
, 521 S.W.2d 952, 954-55 (Tex. Civ. App.—Fort Worth 1975, no writ).

Here, because no exhibits were offered or admitted at trial, we presume that the trial court did not consider any of the twenty-one exhibits.  To the extent that the trial court may have considered some of these exhibits, we cannot tell which ones were considered.  
See WTFO, Inc.
, 899 S.W.2d at 721.  Moreover, w
e cannot tell 
whether the twenty-one exhibits before us constitute the entirety of the materials reviewed by the trial court, or whether some of the twenty-one exhibits were not before the trial court at all.  Consequently, Cox has failed to establish a right to relief in this appeal.

Because Cox has raised no issues that would entitle him to reversal and because the exhibits relied upon by Cox to support his issues were not offered or introduced into evidence, 
we overrule Cox’s first, second, and third issues and affirm the trial court’s order of dismissal with prejudice.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED:  November 20, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
According to testimony at trial, PHI ceased to exist in February or March 2000, and its corporate status was revoked in October 2000.  Therefore, PHI was dissolved before the default judgment in favor of Cox was signed on April 6, 2001.  
See generally Anderson v. Hodge Boats & Motors, Inc.
, 814 S.W.2d 894, 896 (Tex. App.—Beaumont 1991, writ denied) (holding under Texas law, no cause of action exists against a dissolved corporation).

3:
Prince filed a pro se brief also.

4:
The parties have not complied with Texas Rules of Appellate Procedure 34.2 or 34.3.  
Tex. R. App. P.
 34.2, 34.3.